PRATT-HEWIT OIL CORPORATION ET AL. V. W. E. HEWIT ET AL.

No. 5977.   Decided June 20, 1932.
(52 S. W., 2d Series, 64.)

40

*McDonald Meachum, Williams, Hill, Sears & Kennerly,* all of Houston, and *Proctor, Vandenberge, Crain & Vandenberge,* all of Victoria, for plaintiffs in error.

The Pratt-Hewit Oil Corporation, a foreign corporation, doing business in Texas without having filed its Articles of Incorporation with the Secretary of State of the State of Texas, and thus having no permit to do business in Texas, could not maintain any suit of any kind or character in the courts of the State of Texas.

As the Pratt-Hewit Oil Corporation could not maintain this suit, the appellants as stockholders of said corporation cannot maintain the action for the benefit of said corporation or its stockholders. Article 1536, R. S., 1925; Pierce Oil Corporation v. Weinert, 106 Texas, 437, 167 S. W., 808; Taber v. Interstate Building & Loan Assn., 91 Texas, 95, 41 S. W., 64; Stanard v. Cantwell, 286 S. W., 762; First State Bank v. Janellen, 275 S. W., 210; Maxwell v. Winner Gas Stove Co., 263 S. W., 945; Viking Refg. v. Fischl, 299 S. W., 953; Security Co. v. Panhandle Natl. Bank, 93 Texas, 575, 57 S. W., 22; Thompson on Corporation, 2d Ed. White's Sup., Vol. 8, p. 767, Sec. 6718; Smythe Co. v. Ft. Worth G. & G. Co., 105 Texas, 9, 142 S. W., 1157; Browning v. City of Waycross, 233 U. S., 16; 58 L. ed.,

828; York Mfg. Co. v. Colley, 247 U. S., 21, 62 L. ed., 963; New State Land Co. v. Wilson, 150 S. W., 253; State Bank of Chicago v. Holland, 103 Texas, 269; Oklahoma T. & S. Co. v. Daniels, 290 S. W., 727; 14A C. J., 1298 (Secs. 4005- 4010, Incl.), 1305 (Sec. 4009); 4 Thompson on Corporations (2d ed.), 1031 (Secs. 4561 and 4564); Kessler v. Ensley Land Co., 123 Fed., 559, 148 Fed., 1019; Texas & Pac. Railway v. Davis, 54 S. W., 381; Smith v. Lewis, 211 Calif., 295, 287 Pac., 470, on rehearing 295 Pac., 37.

*J. Turner Vance,* of Refugio, and *Dodson & Ezell,* of San Antonio, for defendants in error.

The Pratt-Hewit Oil Corporation having parted with the apparent title and possession of its property by reason of an illegal and fraudulent contract made by some of the managing officers of the corporation with the corporation claiming the property, and the Pratt-Hewit Oil Corporation itself refusing to take any action to set aside such illegal and fraudulent contract and recover its property, because under the control of the officers who made the fraudulent and illegal contract, a citizen of this state and a stockholder in said corporation has the right to maintain a suit in the courts of this state, to protect his rights, to recover the title and possession of the property of said corporation, notwithstanding it has not obtained a permit to do business in this state. 14 C. J., page 928, Sec. 1444; 3 Pom. Eq. Jur., Section 1095; Blair v. City of Houston, 252 S. W., 882; Brinckerhoff v. Bostwick, 88 N. Y., 52; Cutting v. Bryan, 30 Fed. (2d) 754; Dupont v. Northern Pac. Railroad Co., 18 Fed., 467; 8 Fletcher on Corporations, Sec. 4062; Kohler v. Black River Falls Iron Co., 2 Black, 721; Sheridan v. Sheridan Electric Co., 38 Hun. (N. Y.), 396; Young v. Drake, 8 Hun. (N. Y.), 61; 6 Thompson on Corps., Sec. 4562.

*Arthur H. Bartelt,* for interveners.

MR. JUDGE LEDDY of the Commission of Appeals delivered the opinion for the court.

The Pratt-Hewit Oil Corporation was chartered under the laws of the State of Delaware. It later acquired certain oil leases in Refugio County, Texas. Without filing its articles of incorporation with the Secretary of State and obtaining a permit to do business in Texas, as required by the laws of this State, it proceeded to transact business by conducting drilling operations upon its leases. Subsequently the corporation, acting through its directors, entered into a contract with the Hous-

ton Oil Corporation, by the terms of which it assigned the latter a one-half interest in a large number of oil leases.

Defendant in error Hewit, suing for himself and other stockholders, for the benefit of the Pratt-Hewit Oil Corporation, brought this suit as a stockholder against said company, the individuals constituting its board of directors, and the Houston Oil Corporation. In the suit he sought to cancel the contract by which the latter corporation acquired a one-half interest in the oil leases from said Pratt-Hewit Oil Corporation. Cancellation was sought upon the ground that said contract was fraudulent as to the stockholders and that the directors of said corporation, in making said contract, were acting collusively with the Houston Oil Corporation with the object and purpose of defrauding the stockholders of said Pratt-Hewit Oil Corporation of their rights in the corporate property.

The Pratt-Hewit Oil Corporation answered by plea in abatement, in which it was set forth that it was a foreign corporation and had not taken out a permit to do business in Texas; that by reason thereof it was barred by the statutes of this State from bringing this suit, and that as it could not maintain the suit the same could not be maintained by a stockholder for its benefit.

The Houston Oil Corporation and the directors of the Pratt-Hewit Oil Corporation urged similar pleas.

Various stockholders of the Pratt-Hewit Oil Corporation subsequently intervened as plaintiffs. The trial court, after a hearing, sustained these various pleas in abatement, filing the following conclusions of law:

"I conclude that the defendant, the Pratt-Hewit Oil Corporation, not having filed its Articles of Incorporation with the Secretary of State of the State of Texas, and therefore having no permit to transact business in the State of Texas, as required by Article 1529, R. S., 1925, could not, under Article 1536, R. S., 1925, maintain this suit in the Texas Courts.

"I conclude that as the defendant, the Pratt-Hewit Oil Corporation, could not itself maintain this suit in the Texas Courts, then its stockholders cannot maintain this suit for its benefit, in the Texas Courts, the provisions of Article 1536, R. S., 1925, prohibiting both the Pratt-Hewit Oil Corporation and its stockholders from maintaining this action. I, therefore, dismiss plaintiffs' suit herein."

The sole question presented for decision is the soundness of the legal conclusion of the trial court that stockholders of the Pratt-Hewit Oil Corporation were not entitled to prosecute

a suit for the benefit of said corporation which it could not maintain in its own behalf.

■ Many courts announce the doctrine that a stockholder in a corporation has no title, legal or equitable, to the corporate property; that both of these are in the corporation itself for the benefit of all the stockholders. Fox v. Robbins, 70 S. W., 597; Red Bud Realty Co. v. South, 96 Ark., 281, 131 S. W., 340; People v. Dennett, 276 Ill., 43, 114 N. E., 493; C. J., vol. 14, sec. 1320.

Other courts regard the stockholders as the equitable owners of the assets and the corporation as holding the legal title in trust for the stockholders. Wheeler v. Abilene Natl. Bank Bldg., 159 Fed. 391, 16 L. R. A. (N. S.) 892, 14 Ann. Cas., 917; Hyams v. Old Dominion Co., 113 Me., 294, 93 Atl., 747, L. R. A., 1128; Hocking Valley Ry. Co. v. Toledo Terminal, 99 O. St., 35, 122 N. E., 35.

Wrongs against stockholders affecting their interest in the corporate properties arising from a breach of trust by the directors of the corporation or a majority of the stockholders, are fairly divisible into three classes. They arise from fraudulent acts, *ultra vires* acts, and negligent acts.

Injuries done by either of these classes of acts are injuries to the corporation, and it is ordinarily the one to bring suit to rectify them. Such acts are not directly against the stockholders, but they do effect the interests represented by their stock through a decrease of the corporate assets, thus affecting the value and benefits incident to stock ownership. Since this is true, the duty rests upon the corporation to bring suit to remedy these wrongs just as much as it is its duty to prosecute a suit to remedy any other trespass or fraud through which third parties may injure the corporate property or interests.

One of the first cases holding that a corporation might bring suit to remedy an injury to the stockholders caused by fraud, *ultra vires* acts, or negligence of its directors, was the English case brought by Lord Chancellor in 1742 for the benefit of the Charitable Corporation against Sutton, 2 Atk., 400.

■ The unusual growth and development of corporate enterprises results in many frauds, breaches of trust, and illegal acts upon the part of directors of corporations, the effect of which was to defraud the stockholders. In many instances it was found that the guilty parties controlled the board of directors as well as a majority of the stock. For this reason no suit would be instituted by the corporation to right the wrong

done to the minority stockholders. After repeated efforts minority stockholders were successful in establishing their right to relief in courts of equity. It was first established in America in the case of Dodge v. Woolsey, decided by the Supreme Court of the United States in 1855. 18 How., 331. Subsequently a similar holding was made in what is now the leading English case of Atwood v. Merriweather, L. R. 5 Eq., 464, decided in 1867. The doctrine announced in these two cases has become thoroughly established as the law both in England and America. The rule in this regard is tersely stated by Mr. Cook in his splendid treatise on Stock and Stockholders, vol. 2 (3rd ed.) sec. 645, page 899, "that where corporate directors have permitted a breach of trust either by their fraud, *ultra vires* acts, or negligence, and the corporation is unable or unwilling to institute suit to remedy the wrong, a single stockholder may institute that suit, suing on behalf of himself and other stockholders and *for the benefit of the corporation,* to bring about a redress of the wrong done directly to the corporation and indirectly to all the stockholders."

■ But, it is contended by plaintiffs in error that the terms of Article 1536, R. S., 1925, barred the Pratt-Hewit Oil Corporation from maintaining any suit in the courts of this State arising in contract or tort because of its failure to file its articles of incorporation in the office of the Secretary of State as required by Article 1529, 1530, and 1531, R. S., 1925. It is asserted that as the corporation was barred by the statutes of this state from maintaining this cause of action, that it necessarily follows its agents, assignees or stockholders, could not maintain such action for its benefit.

Fortunately, the laws of this State are not subject to any such reproach. The penalty visited upon foreign corporations for their failure to comply with the statutes of this State in filing their articles of incorporation is for the sole purpose of compelling obedience to the state laws regulating the transaction of business by such corporations. Certainly it was not designed to aid the managing officers of any such corporation to dispose of the corporate property in fraud of the rights of stockholders. Bradford v. Dunn, 188 App. Div., 454, 176 N. Y. S., 834.

The statute does not in term prohibit stockholders from obtaining relief from fraudulent and oppressive acts of the directors. Most assuredly the courts will not by construction extend its operation so as to prevent the stockholders from redressing wrongs which injuriously affect their rights and in-

terest in the corporate assets. Our attention has not been called to the decision of any court wherein it has been decided that a statute of this character can be used as a shield by corporate directors to ward off an attack, in a court of equity, upon a fraudulent scheme of the directors to defraud stockholders of their interests in the corporate property.

If this were a suit brought by stockholders, for the benefit of the corporation, on a cause of action in which no breach of trust or *ultra vires* act or negligent act was charged against the directors of the corporation, then a different situation would be presented. In such a suit the corporation and its stockholders would be in complete harmony. The corporation cannot even control this suit. It is conducted and directed alone by the stockholders. Clearly, a corporation, which has failed to comply with the law of this State in taking out a permit to do business, will not be permitted to evade the statute denying it access to the courts by the simple expedient of clothing itself in the garb of a stockholder. But this is not such a proceeding. It is one in which the gravamen of the complaint is that the directors of the offending corporation have acted fraudulently and collusively in making a contract with another corporation through which it has parted with the title to valuable properties to the substantial injury of its stockholders. The corporation, through its directors, denies the commission of any fraudulent acts. We are not called upon to pass upon the truth of the allegations of fraud and collusion upon the part of the directors of the Pratt-Hewit Oil Corporation. For the purpose of this proceeding we must assume such allegations to be true.

Courts of equity have found little difficulty in affording stockholders of a corporation a remedy where it is shown that the directors, who are charged with the exercise of the utmost good faith in dealing with the corporate property as trustees for the stockholders, have breached such trust and injury to the corporate property and the stockholders has resulted therefrom.

Plaintiffs in error assert that if these stockholders can lawfully maintain this suit for the benefit of the corporation, then the statute which prohibits a foreign corporation from using the courts of this State, where it has failed to comply with the laws in regard to filing its articles of incorporation and obtaining a permit, will be rendered nugatory.

A complete answer to this proposition is that the statute does not attempt to bar the suit of the stockholders in an action of this nature. The evident purpose of its enactment was to

prevent the corporation, or anyone acting for it, from maintaining a suit arising out of the transaction of business in the state without having obtained the permit required by our statutes. In other words, its purpose was to compel corporations to obey the laws of this State in reference to obtaining a permit before transacting business in the State. The corporation is penalized by the State because of its failure to comply with laws regulating the transaction of its business and the act must be so construed as to make it effective for this purpose. It would penalize certain stockholders if the act be so construed as to enable those in charge of the corporation to defraud them.

If we should give the statute the construction placed upon it by defendants in error, it would tend to encourage many corporations to fail to comply with the terms of the statute. Boards of directors who desired to defraud stockholders of the corporation, for which they act, could successfully accomplish their unholy purpose by merely failing to comply with our laws in regard to obtaining a permit to do business. This would result in the entire corporate property being subject to spoilation by the managing officers of the corporation, and the stockholders would be utterly without a remedy. This would be true because the cause of action based upon fraudulent conduct of the directors is in the corporation. If it is unable to or will not assert such cause of action, the only ones left to prosecute it are the stockholders, the beneficial owners of the corporate assets. If they are not permitted to maintain the action which the corporation refuses or is unable to assert, then the directors could deal as they please with the corporate property with the perfect assurance that the courts of this State would be closed to the stockholders in any effort to set aside a fraudulent disposition of the corporate property. We decline to sanction a legal proposition leading to any such result.

■ We are not to be understood as holding that a foreign or domestic corporation may avoid the effect of the statute which denies it the use of the courts while illegally transacting business in this State by merely having a stockholder bring a suit for its benefit. A suit can only be maintained by a stockholder for the benefit of such corporation when the cause of action sought to be asserted falls within one of the three classes which we have described, that is, where the directors are guilty of fraud, *ultra vires* acts, or negligence resulting in injury to the stockholders. If the cause of action sort to be asserted is merely the ordinary one which accrues to the corporation in the due course of its business, it is of course barred from bringing

the same, nor can such suit be maintained for its benefit by its agent, assignee, or stockholder. Kessler v. Ensley Land Co., 123 Fed., 555; New State Land Co. v. Wilson, 150 S. W., 253; Texas & Pac. Ry. Co. v. Davis, 54 S. W., 383; Thompson on Corp. (2d ed.) vol. 4, sec. 4561.

■■ It will be noted that the statute regulating the transaction of business by foreign corporations in regard to obtaining a permit, do not, as in some states, make void any transaction entered into by such corporations while illegally transacting business. The law does not attempt to forfeit the property acquired by such corporations while unlawfully doing business in the state. Since this is true, when a corporation, domestic or foreign, has been denied the right to use our courts as a penalty for its failure to comply with the laws of this State, the property the corporation holds in trust for its stockholders is not subject to appropriation by third parties. In such cases, the suit must be brought, not for the benefit of the corporation, but by the individual stockholders, suing in their own right. A court of equity, in such case, possesses full power and authority to take such action as is necessary and proper to protect the interests of the stockholders in the corporate property. Federal Crude Oil Co. v. Yount-Lee Oil Co., this day decided, 122 Texas, 21, 52 S. W. (2d) 56; Favorite Oil Co. v. Chaison, 162 S. W., 423; Canadian Country Club v. Johnson, 176 S. W., 835; Millsaps v. Johnson, 196 S. W., 22; Fox v. Robbins, 70 S. W., 597.

In the case of Favorite Oil Co. v. Chaison, above cited, Judge Reese discussed the rights of stockholders, in a proceeding brought by them in a court of equity to protect their interest in the corporate property when it appeared that the corporation was unable or unwilling to do so. In holding that under such cimcumstances the stockholders were entitled to relief, he said:

"The right to institute this suit was denied the corporation by the express terms of the statute as a result of the action of the secretary of state. It was therefore forbidden to do any business as a corporation, and deprived of the power to bring or defend any suit of any kind except that it might defend an action brought to forfeit its charter."

He further observed:

"We think that in such case not on account of refusal, but on account of the inability of the corporation to sue under the rule stated, a court of equity would entertain a suit by stockholders when necessary to prevent a failure of justice."

The doctrine announced in the above case was reaffirmed in

the case of Canadian Country Club v. Johnson, supra, and a writ of error was denied by the Supreme Court.

It follows that the Court of Civil Appeals correctly held the trial court erred in sustaining the various pleas in abatement urged by defendants in error. Its judgment reversing the cause and remanding the same for another trial is therefore affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.