## SOWELL v. BEST et al.
No. 5861.

Court of Civil Appeals of Texas. Texarkana.

Dec. 19, 1940.

W. B. Harrell and Russell Allen, both of Dallas, for appellant.

Aubrey A. Wilson, of Gladewater, for appellees.

HALL, Justice.

Appellant herein, T. W. Sowell, as a stockholder of Riverside Production Company, instituted this suit in the District Court of Gregg County in his own behalf and in behalf of other stockholders, against C. E. Best and E. D. Dillard, doing business as B & D Well Servicing Company, and J. L. Leach as Constable of Precinct No. 3, Gregg County, Texas, as appellees herein.

Appellant alleged in his sworn petition that Riverside Production Company's right to do business in Texas has been forfeited on account of its failure to pay a franchise tax, but that said corporation had not been dissolved nor was there any proceedings pending having for its purpose the dissolution of same. It was alleged further by appellant that certain personal property belonging to said corporation had been seized and sold by appellee J. L. Leach as Constable of Precinct No. 3, Gregg County, who was acting under authority of an execution issued out of the County Court of Gregg County, directing the seizure and sale of property of J. B. Sowell to satisfy a judgment theretofore rendered by said County Court against J. B. Sowell. Appellant alleged further that the property levied upon and sold by said constable was the property of the Riverside Production Company, a corporation, and was at all times in its actual possession and custody and was of the value in excess of $500. That appellees Best and Dillard purported to be the purchasers at said constable's

sale and were threatening to go upon the premises of the corporation and remove the corporate property therefrom claimed to have been purchased by them at the constable's sale. Appellant in his prayer sought a temporary injunction against these acts by the constable and Best and Dillard, restraining them from attempting to take possession of said property and to remove it from the premises of the corporation.

Appellees answered that the amount in controversy in their suit against J. B. Sowell and the judgment rendered by the County Court was less than $500, and that the District Court had "no authority to issue an injunction * * * restraining any act of the County Court of Gregg County, Texas, in the enforcement of its original judgment and that the jurisdiction of said cause is rightfully in the County Court of Gregg County, Texas," and praying that appellant's application for injunction be dismissed. The court below granted the motion of appellees and dismissed this cause of action for want of jurisdiction.

Appellant's second proposition is that "the District Court has jurisdiction of a suit to enjoin interference with a corporation's personal property by persons claiming to be the purchasers of such property at a constable's sale under a County Court execution against a third party where the value of the property is in excess of $500." Appellant alleged in his petition in the court below that the execution levied by the constable on the property of the Riverside Production Company was to satisfy a judgment rendered in a County Court case in Gregg County in which the corporation was in no wise involved; that the property levied on was the property of the corporation of which appellant was a stockholder, and was not the property of the defendant in execution, J. B. Sowell. For the purposes of this appeal, those allegations must be taken as true. Pratt-Hewit Oil Corp. v. Hewit, 122 Tex. 38, 52 S.W.2d 64. And it should also be noted that the injunction sought by appellant would not have affected the judgment in the County Court against J. B. Sowell, but it was sought by appellant to prevent the satisfaction of said execution out of the property owned by the Riverside Production Company. In such circumstances, it is believed that the District Court would have the authority to hear this application to determine whether an injunction should

or should not be granted. In other words, the District Court of Gregg County has jurisdiction to hear and determine the matters alleged in appellant's application.

The judgment of the court below is reversed and the cause remanded.