**Petition for Writ of Mandamus Conditionally Granted, in Part, and Denied, in Part, and Opinion filed February 6, 2014.**



In The

# 𝕱𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝕮𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-13-00771-CV

### IN RE IMMOBILIERE JEUNESS ESTABLISSEMENT, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
215th District Court
Harris County, Texas
Trial Court Cause No. 2012-45412

## OPINION

On September 4, 2013, relator Immobiliere Jeuness Establissement filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Elaine Palmer, presiding judge of the 215th District Court of Harris

County, to set aside her March 8, 2013 and April 5, 2013 abatement orders.[1]  We conditionally grant the petition, in part, and deny it, in part.

## BACKGROUND

Immobiliere Jeuness Establissement ("IJE") is an entity organized under the laws of Lichtenstein and a limited partner in 29 Kuykendahl Road, Ltd., which, in turn, is a limited partner in 9.2 Louetta Road, Ltd. (collectively, the "Partnerships").  Radnor Joint Venture, Inc. ("Radnor") is the general partner of the Partnerships.  Michael H. Beucler is the owner of Radnor.

29 Kuykendahl Road owned a 12.22 acre tract of land, and 9.2 Louetta Road owned a 6.7 acre tract of land, which were developed into a multi-family affordable housing project known as Villages at Louetta Apartments (the "Project").

IJE alleges that, unbeknownst to the limited partners of the Partnerships, Beucler closed on two separate loans in the amounts of $1,000,000 and $400,000 between December 2001 and March 2002; these loans were secured by the two Partnership tracts but used for non-partnership purposes.  The loans were originally financed by InterContinental National Bank ("Intercon") (later Amegy).  Steven J. Pritchard was the president of Intercon.  Upon maturity of the loans, they were refinanced by Texas Capital Bank, and later paid off with financing by Key National Bank.

---

[1] The real parties in interest are Ricardo G. Cedillo, Jason C. Zehner, Russell Davis, Davis, Cedillo & Mendoza, Inc. (collectively "DCM"), Amegy Bank National Association, and Steven J. Pritchard.  Amegy and Pritchard filed a joinder in the response filed by DCM. Therefore, we refer to all arguments by real parties in interest as being those of DCM.

According to IJE, the loan proceeds were used to enhance the balance sheet of an unrelated company, FAS Construction Management, Inc., which was owned by Beucler. FAS, which provided construction risk management for banks, developers, and contractors, was in dire financial straits and in need of an infusion of capital. Beucler put up the tracts as collateral for the loans, which went directly from Intercon to FAS's operating account.

Part of the proceeds from the Project financing from Key Bank were used to pay off the loans, but none of that money was repaid by FAS or Beucler. Instead, it came out of Partnership funds, saddling the Partnerships with the $1.4 million costs. IJE alleges that Beucler and the law firm of Davis, Cedillo & Mendoza ("DCM") fabricated the following partnership purpose: FAS received $1.4 million as a "fee" for developing a viable/finance-able model for an affordable housing development when FAS had no role in it. IJE further alleges that DCM was simultaneously representing the Partnerships and Beucler, and Beucler and DCM refused IJE's requests to disclose material information to the limited partners of the Partnerships about the $1.4 million and the Project.

On August 8, 2012, IJE brought the underlying derivative action against real parties after, according to IJE, it became apparent that the general partner, Radnor, would not bring this action and any effort to cause Radnor to bring the action would not likely succeed. *See* Tex. Bus. Orgs. Code Ann. § 153.401 (West 2012).[2]

---

[2] Section 153.401, entitled "Right to Bring Action," provides:

> A limited partner may bring an action in a court on behalf of the limited partnership to recover a judgment in the limited partnership's favor if:

3

IJE brought claims against DCM for negligence, negligent misrepresentation, breach of fiduciary duty, DTPA violations, fraud, tortious interference with a contract, aiding and abetting, conspiracy, and vicarious liability for the acts of Beucler and Radnor. IJE brought claims against Amegy and Pritchard for tortious interference with a contract, aiding and abetting, and conspiracy.

On February 26, 2013, DCM filed a motion to abate. Arguing that IJE had alleged the misconduct took place in Texas and IJE was not registered to do business in Texas, DCM contended that IJE could not maintain the action, whether brought derivatively or not, until it had properly registered to do business in Texas, including paying all applicable civil penalties and late filing fees required by law. *See* Tex. Bus. Orgs. Code Ann. § 9.051(b) (West 2012). DCM further argued this lawsuit could not be maintained on behalf of the Partnerships because both limited partnerships lack capacity to maintain suit because they were involuntarily terminated as of July 15, 2011. Therefore, until the Partnerships regain their legal capacity, the suit should remain abated. *See* Tex. Bus. Orgs. Code Ann. § 153.309(a)(1) (West 2012). Amegy and Pritchard filed joinders in DCM's motion to abate.

On March 8, 2013, the trial court held a hearing on the motion to abate. At the conclusion of the hearing, the trial court stated it was granting the motion

---

(1) all general partners with authority to bring the action have refused to bring the action; or

(2) an effort to cause those general partners to bring the action is not likely to succeed.

Tex. Bus. Orgs. Code Ann. § 153.401.

4

"based on Texas Business Organizations Code section 9.051." That same day, the trial court signed the following abatement order pursuant to sections 9.051 and 153.309:

> Upon consideration of Defendants' Motion to Abate, the Court finds that this motion should be GRANTED. Accordingly it is hereby ORDERED that:
>
> The above-captioned lawsuit is abated and all proceedings are stayed until (1) [IJE] registers to transact business in Texas by complying with the applicable provisions of the Texas Business Organizations Code, including payment of all applicable fees; and (2) 29 Kuykendahl Road, Ltd and 9.2 Louetta Road, Ltd. reinstate their certificate of formation or registration and revive their right to transact business in Texas by complying with the applicable provisions of the Texas Business Organizations Code, including payment of all applicable fees.

On March 14, 2013, IJE filed a motion to clarify the trial court's March 8, 2013 ruling, arguing that the written order did not reflect the trial court's determination that it would grant the verified motion to abate based solely on section 9.051, not on section 153.309, which applies to the Partnerships' capacity to maintain a suit as limited partnerships. On April 5, 2013, the trial court signed the following order clarifying that it was granting the motion to abate based on both sections 9.051 and 153.309:

> Upon hearing Plaintiff's Motion to Clarify and consideration of the record, the Court clarifies its Order Granting Defendants' Verified Motion to Abate as follows:
>
> Defendants' Verified Motion to Abate is GRANTED as to (1) [IJE] based on Texas Business Organizations Code Section 9.051 and (2) 29 Kuykendahl Road, Ltd. and 9.2 Louetta Road, Ltd. based on Texas Business Organizations Code Section 153.309.

5

Accordingly, it is hereby ORDERED that the above-captioned lawsuit is abated and all proceedings are stayed until [IJE], 29 Kuykendahl Road, Ltd., and 9.2 Louetta Road, Ltd. comply with the applicable provisions of the Texas Business Organizations Code, including payment of all applicable fees.

On June 5, 2013, IJE moved to reconsider and/or lift the abatement. In the motion, IJE explained that prior to bringing this derivative suit, IJE had sued 9.2 Louetta Road, 29 Kuykendahl Road, Radnor, Village at Louetta Apartments, Ltd., Louetta Villages, L.L.C., Beucler, and FAS in the 129th District Court of Harris County.[3] On May 30, 2013, the Hon. Michael Gomez signed an order authorizing IJE to wind up the affairs of 9.2 Louetta Road and 29 Kuykendahl Road under Sections 11.054 and 11.055 of the Texas Business Organizations Code; the order specifically permits "filing and/or prosecuting any existing claims the Partnerships may have against third parties."[4] *See* Tex. Bus. Orgs. Code Ann. §§ 11.054, 11.055 (West 2012).

---

[3] *See* Cause No. 2009-12728, *Immobiliere Jeuness Establissement v. 9.2 Louetta Road, Ltd., 29 Kuykendahl Road, Ltd., Radnor Joint Venture, Inc., Village at Louetta Apartments, Ltd., Louetta Villages, LLC, Michael H. Beucler, and FAS Management Construction, Inc.*, 129th District Court, Harris County, Texas.

[4] Judge Gomez's order stated:

The Court heard Plaintiff, Immobiliere Jeuness Establissement['s] *Application to Wind Up the Affairs between the [N]ominal [D]efendants 9.2 Louetta Road, Ltd., 29 Kuykendahl Road, Ltd.*, (collectively the "Partnerships") under Sections 11.054 and 11.055 of the Texas Business Organizations Act and after reviewing all submissions and hearing arguments of counsel the Application is GRANTED as follows:

IT IS ORDERED that Plaintiff [IJE] acting derivatively on behalf of the Partnerships is hereby authorized under Section 11.054 and Section 11.055 of the Tex. Bus. Org. Code ("Act") and subject to the supervision of the Court, to continue the Partnerships['] existence for the purposes enumerated under the Act

IJE argued that pursuant to Judge Gomez's order, it had the authority on behalf of the Partnerships to proceed with prosecuting any existing claims the Partnerships may have against third parties, including all defendants in this case. Thus, IJE posited that the impediment to go forward was removed by Judge Gomez's order. On July 12, 2013, the trial court signed the order denying IJE's motion to reconsider and/or lift abatement.

On July 30, 2013, IJE filed a second motion to reconsider and/or lift abatement "in one last effort to have this case un-abated prior to filing a Petition for Writ of Mandamus." On August 12, 2013, the trial court denied IJE's second motion to reconsider and/or lift abatement. This mandamus followed.

---

which includes but is not limited to the following: (1) winding up and settling the affairs of the Partnerships, (2) filing and/or prosecuting any existing claims the Partnerships may have against third parties, and (3) entering into any compromise and settlement, subject to Court approval, on behalf of the Partnerships.

IT IS FURTHER ORDERED that Defendant, Radnor Joint Venture, Inc. ("Radnor") as general partner of the Partnerships shall manage (in conformity with the responsibilities and obligations of Radnor as specified in the governing documents of the Partnerships and subject to the supervision of the Court) the continuing affairs, if any, of the Partnerships.

IT IS FURTHER ORDERED that nothing in this order shall be construed as removing Radnor as the general partner of the Partnerships.

IT IS FURTHER ORDERED that nothing in this order shall be construed as granting Plaintiff [IJE] any authority to manage the affairs of the Partnerships other than is expressly set out in the order.

IT IS FURTHMORE ORDERED that this Court shall retain jurisdiction to make any other order, direction, or inquiry that the circumstances require in the process of winding up the affairs of the Partnerships.

## STANDARD OF REVIEW

Mandamus is appropriate when the relator demonstrates that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

Abatement of an action not only precludes the trial court from going forward on a case, it prohibits the parties from proceeding in any manner until the case has been reinstated. *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 527 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). A trial court abuses its discretion when it arbitrarily abates a case for an indefinite period of time. *In re Gore*, 251 S.W.3d 696, 699 (Tex. App.—San Antonio 2007, orig. proceeding). An adequate remedy by appeal does not exist when the plaintiff is "'effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state.'" *In re Discovery Operating, Inc.*, 216 S.W.3d 898, 905 (Tex. App.—Eastland 2007, orig. proceeding [mand. denied]) (quoting *Trapnell v. Hunter*, 785 S.W.2d 426, 429 (Tex. App.—Corpus Christi 1990, orig. proceeding)).

## ANALYSIS

IJE claims the trial court abused its discretion by abating the case until IJE and the Partnerships complied with sections 153.309(a)(1) and 9.051(b) of the Texas Business Organizations Code, and it has no adequate remedy by appeal. We will address section 153.309(a)(1) first.

## Section 153.309(a)(1)

IJE asserts that section 153.309 is inapplicable to derivative actions. DCM, on the other hand, argues section 153.309 plainly provides that a consequence of the Partnerships' forfeiting their right to transact business in Texas is that neither may maintain an action, suit or proceeding in a Texas court. Section 153.309(a)(1), entitled "Effect of Forfeiture of Right to Transact Business," states:

(a) Unless the right of the limited partnership to transact business is revived in accordance with Section 153.310:

(1) the limited partnership may not maintain an action, suit, or proceeding in a court of this state[.]

Tex. Bus. Orgs. Code Ann. § 153.309(a)(1).

When construing a statute, the primary objective is to give effect to the Legislature's intent. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). "We presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind." *Id.* We construe statutes by first looking to the statutory language for the Legislature's intent, and only if we cannot discern legislative intent in the language of the statute itself do we resort to canons of construction. *Id.* at 639.

We disagree with DCM's construction of section 153.309(a)(1). The term "limited partnership" refers to the entity that is maintaining the action, suit, or proceeding. Here, the underlying lawsuit was not maintained by the Partnerships. Instead, it was brought as a derivative action by IJE pursuant to section 153.401. *See* Tex. Bus. Orgs. Code Ann. § 153.401 (providing a limited partner may bring an action in a court on behalf of the limited partnership if the general partner refuses to do so, or an effort to cause the general partner to do so would likely not succeed). Because the Partnerships are not maintaining the suit, their forfeiture of the right to transact business in Texas does not require abatement of the suit under section 153.309. A contrary interpretation would lead to absurd results. The general partner, Radnor, has the authority to revive the Partnerships' right to

transact business in Texas, not the limited partners.[5]  Under DCM's interpretation of section 153.309(a)(1), a limited partnership may never be revived for the purpose of maintaining an action, suit, or proceeding if the general partner chooses not to take the necessary steps to alter the limited partnership's status.  This interpretation improperly gives the general partner the right to veto a derivative action challenging its conduct.

Our interpretation is consistent with long-standing Texas law.  In *Pratt-Hewit Oil Corporation v. Hewit*, the Texas Supreme Court addressed when a stockholder could prosecute a suit on behalf of a corporation that did not have the capacity to maintain the suit.  52 S.W.2d 64 (Tex. 1932).  In that case, Pratt-Hewit, a Delaware corporation, proceeded to transact business in this state by conducting drilling operations without filing articles of incorporation or obtaining a permit to do business in Texas.  *Id.* at 64.  Pratt-Hewit subsequently assigned a one-half interest to Houston Oil Corporation.  *Id.*  Hewit, suing for himself and other stockholders for the benefit of Pratt-Hewit, brought suit against Pratt-Hewit, its individual directors, and Houston Oil, seeking to cancel the contract between Pratt-Hewit and Houston Oil because it defrauded the stockholders.  *Id.* at 64−65.  Pratt-Hewit and the other defendants argued that Pratt-Hewit was barred by statute from bringing and maintaining the suit because it had not taken out a permit to do business in Texas.  *Id.* at 65.  The trial court agreed with Pratt-Hewit and dismissed the suit.  *Id.*

---

[5] *See* Tex. Bus. Orgs. Code Ann. § 153.152 (West 2012).  The 29 Kuykendahl Road partnership agreement provides that "no Limited Partner, in his capacity as a Limited Partner, shall be . . . allowed to take part in the management or control of the partnership business, or go sign for or bind the Partnership, it being understood and agreed that such power shall vest solely and exclusively in the General Partner[.]"

The issue before the Texas Supreme Court was whether the stockholders could prosecute the suit for the benefit of the corporation, which could not maintain the suit on its own behalf. *Id.* The court observed that wrongs against stockholders affecting their interest in the corporate properties arising from a breach of trust by the corporation's directors can be categorized as fraudulent acts, ultra vires acts, and negligent acts. *Id.*

The court rejected Pratt-Hewit's argument that because it was barred from maintaining the suit, its stockholders could not maintain the action for its benefit. *Id.* at 66. The penalty for failing to comply with the statutory requirement of filing articles of incorporation "was not designed to aid the managing officers of any such corporation to dispose of the corporate property in fraud of the rights of stockholders." *Id.* Instead, its purpose is to compel corporations to obey Texas law by obtaining a permit before transacting business in this state. *Id.* Stockholders will not be prohibited from "redressing wrongs which injuriously affect their right and interest in the corporate assets." *Id.* The court explained:

> [T]he cause of action based upon fraudulent conduct of the directors is in the corporation. If it is unable or will not assert such action, the only ones left to prosecute it are the stockholders, the beneficial owners of the corporate assets. If they are not permitted to maintain the action which the corporation refuses or is unable to assert, then the directors could deal as they please with the corporate property with the perfect assurance that the courts of this state would be closed to the stockholders in any effort to set aside a fraudulent disposition of the corporate property. We decline to sanction such a legal proposition leading to any such result.

*Id.* at 67.

The court expressly held that a stockholder could maintain a suit for the benefit of an unregistered corporation when the cause of action alleged fraudulent acts, ultra vires acts, or negligent acts. *Id.* If the cause of action is an ordinary one that accrues to the corporation in the due course of its business, however, the stockholder is barred from bring suit just as the corporation is due to its failure to comply with filing requirements because the corporation and the stockholders would be in complete harmony. *Id.* at 66, 67.

In *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, the U.S. District Court for the Northern District of Texas conducted a thorough analysis of Texas law in addressing whether a stockholder can maintain claims belonging to a corporation that had forfeited its corporate charter for failure to pay franchise taxes. CA No. 3:96-CV-2923-D, CA No. 3:97-CV-0353-D, 2004 U.S. Dist. LEXIS 24537 (N.D. Tex. Nov. 23, 2004) ("*Robinette II*"). After summarizing several Texas cases, the court concluded that those cases established five principles. *Id.* at *32.[6] First, the forfeiture of a corporation's charter does not prohibit stockholders from obtaining relief from fraudulent and oppressive acts of corporate directors or prevent stockholders from redressing wrongs that injuriously affect their right and interest in corporate assets. *Id.* Second, suit can only be maintained by a stockholder for the benefit of the corporation when it is alleged that the directors are guilty of fraud, ultra vires acts, or negligence resulting in injury to the stockholder. *Id.* at *32−33. Third, if a cause of action is an ordinary

---

[6] In addition to considering *Pratt-Hewit*, the court also discussed *Humble Oil & Refining Co. v. Blankenburg*, 235 S.W.2d 891 (Tex. 1951), *Federal Crude Oil Co. v. Yount-Lee Oil Co.*, 52 S.W.2d 56 (Tex. 1932), and *Favorite Oil Co. of Beaumont & Cleburne v. Jef Chaison Townsite Co.*, 162 S.W. 423 (Tex. Civ. App.—Galveston 1913, no writ).

one that accrues to the corporation in the due course of its business, and the incapacitated corporation cannot bring the action, suit cannot be maintained for its benefit by its agent, assignee, or stockholder. *Id.* at \*33. Fourth, when a corporation has been denied the right to use the courts, property that the corporation holds in trust for its stockholders is not subject to appropriation by third parties, and suit must be brought not for the benefit of the corporation, but by individual stockholders suing in their own right. *Id.* Fifth, forfeiture of a corporate charter does not destroy or forfeit the property of the corporation, and the company's stockholders, who are the beneficial owners of the property, are authorized to prosecute or defend such actions in the courts as necessary to protect their rights. *Id.*[7]

*Pratt-Hewit* and the first and second principles of *Robinette II* confirm that the forfeiture of the Partnerships' right to do business in Texas does not preclude IJE from maintaining a derivative suit in the name of the Partnerships. Therefore, we conclude the trial court clearly abused its discretion by holding that section 153.309(a)(1) applied to this suit and abating the underlying case until the Partnerships have revived their right to transact business in Texas.

---

[7] The *Robinette* court had originally held several months earlier that, because the corporation had forfeited its corporate charter, it was "barred from enforcing a right against Merrill Lynch since it [was] precluded from bringing suit." *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, CA No. 3:96-CV-2923-D, CA No. 3:97-CV-0353-D, 2004 WL 789870, at \*2 (N.D. Tex. Apr. 12, 2004) ("*Robinette I*"). DCM cited to the *Robinette I* Westlaw citation in its response to IJE's petition. However, *Robinette II* cannot be located on Westlaw. After IJE discussed *Robinette II* in its reply, DCM asserted in a sur-reply that the court in *Robinette II* did not revisit its prior holding that a shareholder could not bring a derivative action on behalf of a corporation whose right to do business in Texas has been forfeited. For the reasons discussed above, we disagree with DCM's interpretation of *Robinette II*.

14

Moreover, under these circumstances, we hold that IJE does not have an adequate remedy by appeal. The party authorized to revive the Partnerships' ability to transact business in Texas is Radnor, the general partner of the Partnerships, not IJE. Thus, IJE has shown that it has been "'effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state.'" *See In re Discovery Operating, Inc.*, 216 S.W.3d at 905 (quoting *Trapnell*,785 S.W.2d at 429).[8] We next address the trial courts' order with respect to IJE's compliance with section 9.051(b).

## Section 9.051(b)

IJE also asserts that the trial court abused its discretion by abating the underlying case pursuant to section 9.051(b) until IJE registered to do business in Texas. Section 9.051(b) provides:

> (b) A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter. . . .

Tex. Bus. Orgs. Code Ann. § 9.051(b).

As discussed above, IJE has no control over the reinstatement of the Partnerships' right to transact business in Texas in connection with section 153.309(a)(1) as only the general partner has that authority; therefore, IJE has no

---

[8] *See also Tex. Mut. Ins. Co. v. Sonic Sys. Int'l, Inc.*, 214 S.W.3d 469, 482 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *Gebhardt v. Gallardo*, 891 S.W.2d 327, 332–33 (Tex. App.—San Antonio 1995, orig. proceeding).

adequate remedy by appeal. IJE does have control over whether it registers to do business in Texas, however, and IJE has shown only that it has chosen not to register. Accordingly, IJE has not demonstrated that it has been denied any method of challenging an indefinite abatement. Therefore, we conclude that IJE has not shown that it does not have an adequate remedy by appeal, and we need not address whether the trial court abused its discretion by ordering IJE to register to transact business.

## CONCLUSION

We conclude that the trial court clearly abused its discretion by holding that section 153.309(a)(1) applies here and abating the underlying case until 29 Kuykendahl Road and 9.2 Louetta Road have revived their right to transact business in Texas. We also conclude that IJE does not have an adequate remedy by appeal.[9] Accordingly, we conditionally grant the petition for writ of mandamus, in part, and direct the trial court to vacate those portions of its March 8, 2013 and

---

[9] DCM also argues mandamus is barred by laches because IJE waited six months to seek mandamus relief. Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). A delay in the filing of a petition for writ of mandamus may waive the right to mandamus unless the relator can justify the delay. *Id.*

Here, the trial court signed the original abatement order on March 8, 2013, and the clarified abatement order on April 5, 2103. IJE filed its petition in this court on September 4, 2013. In between that time, IJE filed two motions to reconsider on June 5, 2103, and July 30, 2013, respectively. The June 5, 2013 motion included arguments based on Judge Gomez's May 30, 2013 order. The July 30, 2013 did not raise anything new, but IJE filed it "in one last effort to have this case un-abated prior to filing a Petition for Writ of Mandamus." *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam) ("A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request."). The trial court denied the second motion on August 12, 2013. Thus, the record reflects the reasons for the six-month lapse in time between the trial court's March 8, 2013 abatement order and the filing of the mandamus. Under these circumstances, laches is not a basis to deny the petition.

April 5, 2013 orders abating the underlying case until 29 Kuykendahl Road and 9.2 Louetta Road have reinstated their certificates of formation or registration and revived their right to transact business in Texas by complying with the applicable provisions of the Texas Business Organizations Code. We deny the remainder of the petition regarding IJE's compliance with section 9.051(b) because IJE has an adequate remedy by appeal. The writ will only issue if the trial court does not act in conformity with this opinion.

PER CURIAM

Panel consists of Justices Jamison, McCally, and Busby.