# NO. 12-16-00051-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: DEBORAH PATTERSON* | § | |
| *HOWARD GOUGHNOUR,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

By petition for writ of mandamus, Deborah Patterson Howard Goughnour challenges the trial court's failure to rule on, or alternatively the trial court's denial of, her discovery motions.[1] We deny the petition.

## BACKGROUND

In his will, Robert Harold Patterson, Sr. provided for the creation of a trust for the benefit of his wife upon his death. After his death and pursuant to the terms of that will, the Robert Harold Patterson, Sr. Testamentary Trust was created. Nina Ruth Patterson Harris served as trustee until 2002 when, by judicial modification, she resigned and the trust was divided into four trusts of equal value. One of those trusts is the Deborah Patterson Howard Trust (the DPH trust or the trust). Deborah (now Deborah Patterson Goughnour) is the remainder beneficiary of the trust, and Robert H. Patterson, Jr. is the trustee and the real party in interest in this proceeding.

Robert initiated the underlying proceeding in July 2011 by filing a petition to resign as trustee of the DPH Trust. He requested that the court approve his final accounting and completely release and discharge him, as trustee and individually, from any further duties or liabilities in connection with his administration of the trust. Deborah filed several counterclaims against Robert,

---

[1] The respondent is the Honorable Jack Skeen, Jr., presiding judge of the 241st Judicial District Court of Smith County, Texas. The underlying proceeding is trial court cause number 11-22-16-C, styled "***In re the Deborah Patterson Howard Trust***."

including breach of fiduciary duty, misuse of trust property, and breach of a personal guaranty to the trust beneficiaries. Robert's answer to the counterclaims included various affirmative defenses, including limitations, consent, and estoppel. The parties conducted both written discovery and oral depositions.

On September 26, 2013, Deborah filed a motion for partial summary judgment. In October, she served Robert with 257 requests for admissions. Robert responded with what Deborah characterized as "global" and "prophylactic" objections to the requests. Subject to his objections, Robert provided responses to 75 of the 257 requests. On November 15, Deborah filed a motion to strike Robert's objections and sought sanctions against him. During the same time period, Deborah also filed notices to depose several nonparty entities. Robert responded by filing motions to quash the notices. No hearing was scheduled on Robert's objections to Deborah's requests for admissions or his motions to quash the nonparty deposition notices.[2]

On May 8, 2015, Deborah filed a combined motion for partial summary judgment. She asserted traditional summary judgment grounds on her claims against Robert and both no evidence and traditional grounds as to Robert's affirmative defenses. On May 14, she filed a second motion to strike Robert's objections to her requests for admissions. A month later, Deborah filed a supplemental motion to strike to incorporate, by reference, the matters contained within the two prior motions. In these motions, Deborah requested that the trial court overrule Robert's objections and either deem each request admitted or compel Robert to answer the requests he did not respond to. Robert filed a response to Deborah's motions to strike on July 9.

By order dated August 27, 2015, the trial court denied Deborah's first and second motions for summary judgment. The following month, Robert filed motions for partial summary judgment on Deborah's breach of guaranty claim and on his affirmative defenses.[3] Deborah filed a response, and a hearing on Robert's summary judgment motions and Deborah's motions to strike was scheduled for November 4.

At the hearing, the trial court, over Deborah's objections, first heard arguments on Robert's motions for partial summary judgment. The trial court then heard arguments concerning the

---

[2] Due to the illness of one of the parties, the suit was inactive for a considerable time after these filings.

[3] In two separate motions, Robert sought a no evidence and a traditional partial summary judgment on Deborah's breach of guaranty claim. In the third motion, Robert requested a partial summary judgment on his affirmative defenses based on traditional grounds.

validity of Robert's objections to Deborah's requests for admissions. At the conclusion of the arguments, Deborah's counsel sought additional time to present evidence in support of Deborah's motions for sanctions against Robert for alleged discovery abuse. The trial court advised counsel that it had some rulings to make and it would not take up anything else on the matters presented for several weeks. Subsequently, Deborah sought to schedule a hearing on her motions for sanctions and Robert's motions to quash the nonparty depositions. On November 20, Deborah filed a motion to compel the nonparty depositions.

On November 24, the trial court notified Deborah's counsel that the hearing on her motions to strike had concluded at the November 4 hearing. On December 1, the trial court granted Robert's motions for partial summary judgment. At a pretrial hearing the next day, Deborah's counsel admitted that the trial court had "effectively denied" Deborah's motions to strike and motion to compel the nonparty depositions (the discovery motions). For appellate purposes, however, counsel requested specific rulings on the motions. The trial court explained that as a result of its granting Robert's motions for partial summary judgment, Deborah's discovery motions were moot. The parties agreed to cancel the jury trial and proceed with a bench trial to resolve the remaining issues in the case (approval of Robert's accounting and the trust's claim for attorney's fees against Deborah). Before the bench trial could be conducted, Deborah filed a petition for writ of mandamus in this Court challenging the trial court's action relating to her discovery motions. She also filed a motion for temporary relief, which was granted pending resolution of the merits of her mandamus petition.

### PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy that is available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when a trial court reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. ***Walker v. Packer***, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. ***Id***. Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. ***Id***.

The relator in a mandamus action has the burden of showing an abuse of discretion as well as the inadequacy of appeal as a remedy. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding). The burden of establishing an abuse of discretion as well as the inadequacy of a remedy by appeal is a heavy one. *Canadian Helicopters, Ltd. v. Witting*, 876 S.W.2d 304, 305 (Tex. 1984).

## THE TRIAL COURT'S ACTION

Initially, we note that Deborah raises three issues in her mandamus petition. The first two issues pertain to the trial court court's alleged abuse of discretion. In her first issue, Deborah asserts that the trial court abused its discretion in failing and refusing to rule on her discovery motions. Alternatively, in her second issue, Deborah argues that the trial court abused its discretion in denying her discovery motions.

At a hearing on December 2, 2015, Deborah requested a ruling on her discovery motions. The trial court informed the parties that, because the court had granted Robert's three motions for partial summary judgment, Deborah's discovery motions were moot. After further discussion about the need for an express ruling, the trial court stated, "T]he Court's ruling is, by the Court granting [Robert's] three motions for summary judgment, what you've just said you needed a ruling on, the Court's ruling is that's moot as a result of the entry of the three summary judgments."

The court did not sign an order denying Deborah's discovery motions. Nevertheless, by granting Robert's three motions for partial summary judgment and stating that Deborah's motions were moot, the trial court implicitly overruled Deborah's motions. *See Expert Tool & Mach., Inc. v. Petras*, No. 05-14-00605-CV, 2015 WL 5093251, at *3 (Tex. App.–Dallas Aug. 28, 2015, no pet.) (mem. op.) ("By granting the no-evidence motion [for summary judgment] and stating the other motions were moot, the trial court implicitly overruled Expert Tool's request for a continuance."); *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 696 n.3 (Tex. App.–Dallas 2008, no pet.) (holding that trial court implicitly overruled request for further discovery by hearing summary judgment motion without granting continuance); *Cherry v. McCall*, 138 S.W.3d 35, 40 (Tex. App.–San Antonio 2004, pet. denied). Because the trial court implicitly overruled Deborah's discovery motions, we need not address her first issue. *See* TEX. R. APP. P. 47.1.

4

In her second issue, Deborah argues that the trial court abused its discretion by denying her discovery motions because Robert's "general, prophylactic Global Objections" to her requests for admissions and her deposition notices do not meet the requirements of Texas Rule of Civil Procedure 193 and *In re Park Cities Bank*, 409 S.W.3d 859 (Tex. App.–Tyler 2003, orig. proceeding). Therefore, she contends that by denying her discovery motions, the trial court misapplied the law.

## The November 4 Hearing

Robert filed partial summary judgment motions requesting both a no evidence and a traditional summary judgment on Deborah's breach of guaranty claim. He also sought a partial traditional summary judgment on his affirmative defenses of statute of limitations, beneficiary consent, estoppel, authorization by trust instrument, and exculpation clause. At the November 4 hearing, the trial court heard argument on Robert's summary judgment motions and Deborah's discovery motions. Robert argued that his three motions, if granted, would dispose of all of Deborah's claims. He then explained how his motions related to each of Deborah's claims and urged that each should be granted. He also informed the court that all of Deborah's claims were barred by limitations and that summary judgment on that affirmative defense alone would defeat all of Deborah's claims.[4] Deborah presented arguments to the contrary.

The trial court granted Robert's three summary judgment motions by separate written orders. Each order decreed that Deborah "take nothing on all of her claims against any party." The trial court's comments during the December 2 hearing make clear that the court had concluded the orders granting Robert's summary judgment motions disposed of all of Deborah's claims. Thus, the trial court further concluded that Deborah's discovery motions were moot. We have previously determined that by granting Robert's three motions for partial summary judgment, the trial court implicitly overruled Deborah's motions.

## Deborah's Arguments

Deborah asserts that by denying her discovery motions, the trial court also denied her the right to discovery that goes to the heart of her case. Specifically, she explains that her requests for

---

[4] An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155-56 (Tex. 2015).

admissions related to Robert's alleged violation of his fiduciary duty and the breach of his personal guaranty. She states further that through the nonparty entities' depositions, she sought information directly relating to Robert's misuse of trust assets. Deborah contends that Robert's responses to the objected-to discovery and the nonparty entities' depositions would have revealed facts sufficient to defeat Robert's motions for summary judgment. Therefore, her argument continues, the trial court's denial of her discovery motions prevented her from developing and presenting summary judgment evidence to the court in response to Robert's motions.

Deborah's arguments relate to the merits of her discovery motions. However, the question in this proceeding is whether the trial court abused its discretion in denying Deborah's discovery motions as moot—an issue that is separate from the merits of her motions. Moreover, her argument relates to the second prerequisite to mandamus relief: the inadequacy of appeal as a remedy. *See In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding) (holding, in part, that appeal from a discovery order is not adequate if "the party's ability to present a viable claim or defense is vitiated or severely compromised").

Generally, an appellate court considers whether a relator has an adequate remedy by appeal only after it has concluded that the trial court has clearly abused its discretion. *See, e.g.*, *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135-36; *but see, e.g.*, *In re Sims*, No. 12-15-00190-CV, 2016 WL 4379490, at *1 (Tex. App.–Tyler Aug. 17, 2016, orig. proceeding) (mem. op.) (holding, without addressing abuse of discretion, that relator's failure to timely appeal did not render appellate remedy inadequate); *In re Immobiliere Jeuness Establissement*, 422 S.W.3d 909, 918 (Tex. App.–Houston [14th Dist.] Feb. 6, 2014, orig. proceeding) (per curiam) (holding, without addressing abuse of discretion, that relator did not show it had been denied any method of challenging an indefinite abatement and therefore did not show no adequate remedy by appeal). Accordingly, we first address whether Deborah has shown a clear abuse of discretion by the trial court.

**Abuse of Discretion**

The word "moot" is generally defined to mean "having no practical significance; hypothetical or academic." *Moot*, BLACK'S LAW DICTIONARY (8th ed. 2004). A party's discovery motions can be rendered moot by a trial court's ruling on another motion. *See, e.g.*, *Fraud-Tech, Inc. v. Choicepoint, Inc.*, No. 02-05-00150-CV, 2006 WL 1030189, at *3 n.8 (Tex. App.–Fort Worth Apr. 20, 2006, no pet.) (mem. op.) (motion to compel discovery responses moot once trial

court denied motion for continuance of summary judgment hearing); ***Goffney v. O'Quinn***, No. 01- 02-00192-CV, 2004 WL 2415067, at \*14 (Tex. App.–Houston [1st Dist.] Oct. 2, 2004, no pet.) (mem. op.) (motion to compel responses to request for production moot after rendition of summary judgment).

The trial court's orders granting Robert's three summary judgment motions include a decree that Deborah "take nothing on all of her claims against any party." Consequently, after the trial court granted Robert's summary judgment motions, Deborah no longer had any pending claims. Therefore, even if the trial court had subsequently ruled in Deborah's favor on the merits of her discovery motions, the ruling would have had no practical significance because her claims had been disposed of. Thus, at that point, whether Deborah's discovery motions were meritorious became a hypothetical or academic question. In other words, Deborah's discovery motions were rendered moot, and the trial court did not abuse its discretion by denying the motions as moot.

## DISPOSITION

Deborah has not shown an abuse of discretion by the trial court. Therefore, she has not satisfied the first prerequisite to mandamus relief, and we need not address the second.[5] Accordingly, we ***deny*** Deborah's petition for writ of mandamus. Our March 1, 2016 stay of the trial court proceedings is ***lifted***, and all pending motions are ***denied*** as moot.

**GREG NEELEY**
Justice

Opinion delivered January 11, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[5] When final judgment is rendered in this case, Deborah can appeal the trial court's granting of Robert's motions for summary judgment and the denial of her discovery motions.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 11, 2017

### NO. 12-16-00051-CV

**DEBORAH PATTERSON HOWARD GOUGHNOUR,**
Relator
V.
**HON. JACK SKEEN, JR.,**
Respondent

---

#### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **DEBORAH PATTERSON HOWARD GOUGHNOUR**, who is the relator in Cause No. 11-2216-C, pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on February 19, 2016, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*