**Conditionally Granted; Opinion Filed April 26, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00087-CV

## IN RE: AMERICAN HOMES FOR RENT PROPERTIES EIGHT, LLC, Relator

### Original Proceeding from the County Court at Law No. 1
### Collin County, Texas
### Trial Court Cause No. 001-01437-2015

## OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Evans

This is a mandamus proceeding arising from a county court at law order abating a post-foreclosure eviction case on the basis that title was in dispute and the subject of a separate district court proceeding. Relator, American Homes for Rent Properties Eight, LLC (American Homes), seeks relief from the trial court's abatement principally arguing title is not in issue so abatement of the eviction case was an abuse of discretion. Because we agree and for the reasons stated below, we conditionally grant the petition.

## BACKGROUND

These are the uncontested facts from the parties' briefs here and filings in the trial court. In 2009, real party in interest, Stephanie Woods, purchased a home in Wylie, Texas. She executed a deed of trust to secure the purchase price of her home. The deed of trust provided that following a foreclosure sale, the borrower or any person holding possession of the property through the borrower must immediately surrender the premises to the purchaser at the

foreclosure sale. It further provided if possession was not surrendered, the person in possession would become a tenant-at-sufferance. Woods defaulted on the note.

After Woods defaulted, she entered into an option contract on April 30, 2015 with real party in interest Southern Home Solutions LLC (Southern Home) which gave Southern Home the option to purchase the property. The option contract included an addendum that provided upon purchase of the property, Southern Home agreed it would not evict Woods but rather would "make a rental agreement." On May 5, 2015, the lender foreclosed its lien on the property. American Homes purchased the property at the foreclosure sale and is the grantee in the Substitute Trustee's Deed dated May 18, 2015.

On May 14, 2015, American Homes notified Woods that she must vacate the property. On May 28, 2015, American Homes filed a forcible detainer action to remove Woods from the property. On June 8, 2015, Woods executed a warranty deed transferring her interest in the property to Southern Home. On June 9, 2015, the justice court dismissed the forcible detainer suit without prejudice. American Homes appealed to the county court for de novo proceedings. Woods answered and filed a plea to the jurisdiction in which she contended that the right to actual possession of the property could not be decided without determining ownership of the property as between American Homes and Southern Home. American Homes filed a response and an amended response to Woods's plea to the jurisdiction. Following a hearing on July 16, 2015, the county court abated the lawsuit pending resolution of the district court case filed by Woods to determine title to the property.[1] American Homes seeks to have that abatement order set aside by this petition for writ of mandamus.

---

[1] In July 2015, Woods and Southern Home filed a lawsuit against the lender and American Homes styled *Stephanie Woods, et al v. U.S. Bank, N.A., et al*, Cause Number 219-02667-2015, 219th Judicial District Court of Collin County, Texas.

**STANDARD OF REVIEW**

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996). Mandamus relief is appropriate only to correct a clear abuse of discretion in violation of a duty imposed by law when there is no other adequate remedy at law. *Id.* A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005).

Abatement of an action not only precludes the trial court from going forward on a case, it prohibits the parties from proceeding in any manner until the case has been reinstated. *In re Immobiliere Jeuness Establissement*, 422 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). A trial court abuses its discretion when it arbitrarily abates a case for an indefinite period of time. *Id.* An adequate remedy by appeal does not exist when the plaintiff is effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state. *Id.* (citing *Trapnell v. Hunter*, 785 S.W.2d 426, 429 (Tex. App.—Corpus Christi 1990, no pet.).

**ANALYSIS**

A forcible detainer action is a special proceeding created to provide a speedy, simple and inexpensive means for resolving the question of right to immediate possession of real property. *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.). To preserve the simplicity and speedy nature of the remedy, the applicable civil rules provide that "the court must adjudicate actual possession and not title." *See* Tex. R. Civ. P. 510.3(e).

Woods and Southern Home argue that the county court lacked jurisdiction because the facts established that the issue of ownership was so intertwined with title that the county court

–3–

could not determine who had the right to immediate possession. We disagree. A justice court or county court at law is not deprived of jurisdiction in a forcible detainer lawsuit merely because of the existence of a title dispute. *Rice,* 51 S.W.3d at 712. In fact, in most cases the right to immediate possession can be determined separately from the right to title. *Id.* at 710 (legislature contemplated concurrent actions in the district and justice courts [or on appeal to county courts at law] to resolve issue of title and immediate possession in cases challenging the validity of a trustee deed). The trial court is only deprived of jurisdiction if the determination of the right to immediate possession necessarily requires the resolution of a title dispute. *Id.* at 712; *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd).

In this case, American Homes attached the deed of trust, the substitute trustee's deed, and the notice to Woods to vacate the property to its response and amended response to Woods's plea to the jurisdiction. The substitute trustee's deed showed that American Homes purchased the property in a non-judicial foreclosure sale after Woods defaulted under the terms of the deed of trust. The deed of trust states that Woods became a tenant-at-sufferance when she did not vacate the property after American Homes purchased it. The notice sent by American Homes to Woods informed her that her tenancy was being terminated and she was required to vacate the property. Where a foreclosure pursuant to a deed of trust creates a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title. *Schlichting*, 346 S.W.3d at 199. Here, the foreclosure of this property pursuant to the deed of trust created a landlord and tenant-at-sufferance relationship between Woods and American Homes. Thus, the trial court could determine the right of immediate possession. *Rice,* 51 S.W.3d at 711.

Woods and Southern Home argue that their case is distinguishable from the facts in *Rice* because that case only involved one party claiming ownership pursuant to one deed of trust from

which a landlord-tenant relationship could be established. In this case, two different deeds of trust are involved for the same property. Therefore, they argue that the county court properly abated the forcible detainer case because it could not determine whether American Homes or Southern Home had the right to immediate possession of the property. Again, we disagree.

Woods and Southern Home are mistaken in their conclusion that Woods' conveyance of the property to Southern Home created a question of title. When a grantor executes a deed of trust, the legal and equitable estates in the property are severed. *See Flag-Redfern Oil Co. v. Humble Exploration Co., Inc.*, 744 S.W.2d 6, 8 (Tex. 1987). The grantor in the deed of trust retains the legal title and the grantee holds equitable title. *Id.*

When the owner of real estate executes a valid deed of trust and then conveys an interest in the mortgaged property to a third party, the rights of the grantor's vendee (Southern Home) are subject to the rights held by the beneficiary of the deed of trust (American Homes). *Motel Enters., Inc. v. Nobani*, 784 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1990, no pet.). Thus, a grantor subject to a tenant-at-sufferance clause in a mortgage cannot convey an interest in property free of that clause. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 565 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Both the grantor under the deed of trust and any occupant who holds the property pursuant to a conveyance from the party who agreed to the deed of trust become tenants-at-sufferance following foreclosure of the deed of trust. *Id.* Accordingly, Southern Home, as a tenant-in-sufferance, was not entitled to possession of the property after foreclosure. As the questions of possession and title were not intertwined in this case, the trial court erred in abating the lawsuit.[2]

---

[2] Woods and Southern Home also request that the Court sanction American Homes for bringing the petition for writ of mandamus. As we conditionally granted the petition for writ of mandamus, we decline to impose sanctions.

**CONCLUSION**

We conclude the trial court abused its discretion by abating this case until the title issues were resolved by a district court in a separate lawsuit. We conditionally grant the petition for writ of mandamus. A writ will only issue in the event the trial court fails to vacate its August 21, 2015, order abating this lawsuit pending a resolution of the district court case styled *Stephanie Woods, et al v. U.S. Bank, N.A., et al* pending before the 219th Judicial District Court of Collin County, Texas, Cause Number 219-02667-2015.

/David Evans/
DAVID EVANS
JUSTICE

160087F.P05