**AFFIRM; and Opinion Filed June 30, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00210-CV

**TIMOTHY G. MARTIN AND ALL OTHER OCCUPANTS
OF 608 MEADOW LANE, ALLEN, TEXAS 75002, Appellants
V.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE, Appellee**

**On Appeal from the County Court at Law No. 3
Collin County, Texas
Trial Court Cause No. 003-00897-2013**

## MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and Schenck
Opinion by Justice Fillmore

In this forcible detainer action, appellants Timothy G. Martin and all other occupants of

608 Meadow Lane, Allen, Texas 75002 appeal the final judgment of the trial court granting

appellee Federal National Mortgage Association, a/k/a Fannie Mae (Fannie Mae) immediate

possession of the real property. In a single issue on appeal, appellants contend the trial court

abused its discretion by granting Fannie Mae's motion in limine precluding appellants from

presenting testimony regarding a tenancy at sufferance provision of the Deed of Trust that was

executed by Martin and encumbered the real property. We affirm the trial court's judgment.

### Background

Martin purchased real property and improvements located at 608 Meadow Lane, Allen,

Texas 75002 (the Property) in 2004 and executed a Deed of Trust securing a promissory note he

signed to finance the purchase of the Property. The Deed of Trust provided that following a non-judicial foreclosure sale, the borrower or any person holding possession of the property through the borrower must immediately surrender the premises to the purchaser at the foreclosure sale. The Deed of Trust also stated that if possession is not surrendered, the borrower or any person holding possession of the property through the borrower shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

After Martin defaulted on the promissory note, Fannie Mae purchased the Property at a non-judicial foreclosure sale on December 3, 2012. On February 27, 2013, Fannie Mae sent appellants written notices to vacate the Property. After appellants failed to vacate the Property, Fannie Mae obtained an eviction judgment in its favor from a justice court of Collin County, Texas. Appellants appealed that judgment to a county court of Collin County.

At a bench trial, the county court admitted into evidence the Substitute Trustee's Deed establishing Fannie Mae's purchase of the Property at the foreclosure sale; the Deed of Trust, describing circumstances creating Martin's tenancy at sufferance status; and the written notices from Fannie Mae to vacate the Property. Following the bench trial, the county court signed a final judgment awarding immediate possession of the Property to Fannie Mae. Martin appeals from the final judgment entered by the county court.

### Analysis

In a single issue on appeal to this Court, appellants assert the trial court abused its discretion by granting Fannie Mae's motion in limine excluding testimony appellants intended to offer concerning Fannie Mae's purported failure to comply with Section 22 of the Deed of Trust when foreclosing on the Property. In response, Fannie Mae argues the trial court appropriately entered judgment on its forcible detainer action based upon the documents admitted into evidence establishing its superior right to immediate possession of the Property.

*Standard of Review*

We review a trial court's exclusion of evidence under the abuse of discretion standard. *Caffe Ribs, Inc. v. State*, No. 14-0193, 2016 WL 1267677, at *4 (Tex. April 1, 2016); *Enbridge Pipelines (E.Tex.) L.P. v. Avinger Timber L.L.C.*, 386 S.W.3d 256, 262 (Tex. 2012). A trial court abuses its discretion when it acts arbitrarily or unreasonably, that is, when it acts without regard for any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Medicus, Ins. Co. v. Todd*, 400 S.W.3d 670, 681 (Tex. App.—Dallas 2013, no pet.)(citing *Downer*, 701 S.W.2d at 241–42). For the exclusion of evidence to constitute reversible error, the complaining party must show that the trial court committed error and the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a); *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009).

*Discussion*

Before proceeding to trial of the case before a jury, the trial court addressed Fannie Mae's motion in limine. Appellants only objection to the motion in limine was to the first request, which sought a trial court instruction that appellants be precluded from, among other things, attempting to "argue or attempt[ing] to introduce evidence that the Foreclosure Sale was invalid or that Fannie Mae does not hold valid title."[1] Relying on this Court's opinion in *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.), the trial court overruled appellants' objection to the motion in limine, and ruled that appellants would not be allowed to present testimony concerning alleged non-compliance by Fannie Mae with Section 22 of the Deed of Trust which, in pertinent parts, provides as follows:

---

[1] Appellants assert in their brief on appeal that Fannie Mae did not establish the necessary elements of its forcible detainer action because it failed to show that the trustee's sale was conducted pursuant to Section 22 of the Deed of Trust. More specifically, appellants argue that Section 22 of the Deed of Trust requires that the trustee sell the Property to the highest bidder and they claim they contended in a separate lawsuit against Fannie Mae to quiet title to the Property that the Property was sold without taking bids. Appellants argue that because the trustee's sale did not comply with Section 22 of the Deed of Trust, it follows that appellants were not tenants at sufferance under the Deed of Trust, "[Fannie Mae] could not establish a landlord-tenant relationship, and [Fannie Mae]'s forcible detainer action could not establish all of its elements."

–3–

> Borrower authorizes Trustee to sell the property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.
>
> * * *
>
> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

According to the trial court, testimony concerning Fannie Mae's compliance with Section 22 of the Deed of Trust "is something you would have to deal with [in] a suit alleging wrongful foreclosure, or [a] title action." Following the trial court's ruling on the motion in limine, the parties agreed to waive a jury and proceed to trial to the court. The only evidence admitted at trial was the Deed of Trust, the Substitute Trustee's Deed, and the written notices from Fannie Mae to appellants to vacate the Property.

Forcible detainer occurs when a person, who is a tenant at sufferance, refuses to surrender possession of real property after his right to possession has ceased. *See* TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2014). A forcible detainer action is a special proceeding created to provide a speedy, simple, and inexpensive means for resolving the question of right to immediate possession of real property. *In re Am. Homes for Rent Properties Eight, LLC*, No. 05-16-00087-CV, 2016 WL 3006782, at *2 (Tex. App.—Dallas May 25, 2016, orig. proceeding) (mem. op.); *see also Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). In a forcible detainer action, "[t]he court must adjudicate the right to actual possession and not title." TEX. R. CIV. P. 510.3(e). To prevail on its forcible detainer claim, Fannie Mae was not required to prove title but only to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice*, 51 S.W.3d at 709.

A justice court or county court at law is not deprived of jurisdiction in a forcible detainer lawsuit merely because of the existence of a title dispute. *In re Am. Homes for Rent Properties Eight, LLC*, 2016 WL 3006782, at \*2. The trial court is only deprived of jurisdiction in a forcible detainer lawsuit if the determination of the right to immediate possession necessarily requires the resolution of a title dispute. *Id.*; *see also Rice*, 51 S.W.3d at 709, 713. If an independent basis exists on which to award immediate possession that would not require resolution of a title dispute, a justice court, and therefore the county court, has jurisdiction to do so. *Garza v. Wells Fargo Bank, N.A.*, No. 05-14-01578-CV, 2016 WL 3136150, at \*2 (Tex. App.—Dallas June 2, 2016, no pet. h.) (mem. op.); *see also Rice*, 51 S.W.3d at 712. A deed of trust that creates a landlord and tenant-at-sufferance relationship on foreclosure provides an independent basis to determine the issue of immediate possession without resolving the issue of title. *Garza*, 2016 WL 3136150, at \*2; *In re Am. Homes for Rent Properties Eight, LLC*, 2016 WL 3006782, at \*2. Specifically, in such cases, disputes related to the validity of the foreclosure sale are not relevant to determining the right to immediate possession. *Garza*, 2016 WL 3136150, at \*2; *Fontaine v. Deutsche Bank Nat'l Trust Co.*, 372 S.W.3d 257, 259 (Tex. App.—Dallas 2012, pet. dism'd w.o.j.) (op. on reh'g).

Here, the Substitute Trustee's Deed showed Fannie Mae purchased the property at a non-judicial foreclosure sale after Martin defaulted under the terms of the Deed of Trust. Pursuant to the terms of the Deed of Trust, appellants became tenants-at-sufferance when they did not vacate the Property after Fannie Mae purchased it at foreclosure sale and provided written notices containing formal demand that they vacate the Property. Thus, the trial court could determine the right to possession on this independent basis. *See In re Am. Homes for Rent Properties Eight, LLC*, 2016 WL 3006782, at \*2. The evidence established Fannie Mae's right to immediate possession of the Property, *see Shutter*, 318 S.W.3d at 471; appellants, as tenants-at-

sufferance, were not entitled to possession of the Property following foreclosure, *see In re Am. Homes for Rent Properties Eight, LLC*, 2016 WL 30006782, at *2. "[W]hether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer [action] and must be brought in a separate suit." *Shutter*, 318 S.W.3d at 471. Accordingly, the trial court did not abuse its discretion in granting Fannie Mae's motion in limine excluding testimony appellants intended to offer concerning Fannie Mae's purported failure to comply with Section 22 of the Deed of Trust when foreclosing on the property.

We resolve appellants' sole issue against them and affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

150210F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY G. MARTIN AND ALL
OTHER OCCUPANTS OF 608 MEADOW
LANE, ALLEN, TEXAS 75002, Appellants

No. 05-15-00210-CV        V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, A/K/A FANNIE MAE,
Appellee

On Appeal from the County Court at Law
No. 3, Collin County, Texas,
Trial Court Cause No. 003-00897-2013.
Opinion delivered by Justice Fillmore,
Justices Stoddart and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Federal National Mortgage Association a/k/a Fannie Mae recover its costs of this appeal and the full amount of the trial court's judgment from appellants Timothy G. Martin and all other occupants of 608 Meadow Lane, Allen, Texas 75002. It is further **ORDERED** that the cash deposit of appellants made in lieu of supersedeas bond be applied to offset appellee's trial court costs. After appellee's trial court costs have been paid, the clerk of the Collin County court is directed to release the balance, if any, of the cash deposit to appellants Timothy G. Martin and all other occupants of 608 Meadow Lane, Allen, Texas 75002.

Judgment entered this 30th day of June, 2016.