**Affirmed and Opinion Filed August 16, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00062-CV**

**JOHN QUINTANILLA, MARIE QUINTANILLA, AND ALL OTHER OCCUPANTS, Appellants**
**V.**
**ANG RENTAL HOLDINGS SERIES, LLC-SERIES REDEEMER, A TEXAS SERIES OF ANG RENTAL HOLDINGS SERIES, LLC, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-03480-2019**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Appellants John Quintanilla, Marie Quintanilla, and all other occupants appeal the trial court's judgment ordering that appellee ANG Rental Holdings Series, LLC (ANG) was entitled to possession of a house and that it further recover (i) unpaid rent in the amount of $12,000 and (ii) reasonable attorney's fees in the amount of $3,682. The Quintanillas raise two issues to this Court: first contending the trial court lacked jurisdiction and second contending ANG's notice to vacate was not sufficient. The Quintanillas further raise an issue regarding the trial court's

award to ANG of its attorney's fees. As modified, we affirm the trial court's judgment.

## I.    BACKGROUND

The Quintanillas owned a house located at 1523 Redeemer Road, Allen, Texas, 75002 (Property) pursuant to a mortgage. In 2018, the Quintanillas had difficulties paying their mortgage. In fall 2018, the Quintanillas conveyed their interest in the Property to Scott Walton pursuant to a deed of trust.[1] In May 2019, the Quintanillas entered a lease on the Property with Walton's business entity, Standard Payment Systems, LLC. The lease period ran from May 2019 to May 2020 and required the Quintanillas to pay $3,000 each month in rent. The Quintanillas paid rent sporadically to Walton.

On August 12, 2019, ANG purchased the Property from Walton. On August 23, 2019, ANG sent a Notice of Change of Ownership of Leased Property to the Quintanillas. At that time, the Quintanillas were behind on their rent payments pursuant to the May 2019 lease. On August 29, 2019, ANG sent the Quintanillas a three-day notice to vacate, which provided:

> This notice is addressed to you, John Quintanilla and Marie Quintanilla as tenants and ANG Rental Holdings Series, LLC-Series Redeemer, a Texas Series of ANG Rental Holdings Series, LLC (hereinafter "ANG Rental") as landlord, and pertains to that lease executed on May 29, 2019, for lease of the premises at 1523 Redeemer Road, Allen, Texas 75002. In accordance with the terms of the lease you were to make

---

[1] Scott Walton was the "grantor" on the deed of trust, but he signed the deed of trust on behalf of Standard Payment Systems, LLC as "buyer."

periodic payments of $3,000.00 per month beginning on May 29, 2019 and continuing each month thereafter.

As of the date of this notice, you are now past due in the payment of $9,000.00.

You are hereby notified and demand is made that you, John Quintanilla and Marie Quintanilla vacate the premises at 1523 Redeemer Road, Allen, Texas 75002 within three (3) days from the date of delivery of this notice to you by mail.

. . . .

In the event that the premises at 1523 Redeemer Road, Allen, Texas 75002 are not vacated within 3 days from delivery of this notice, ANG Rental will file a forcible detainer suit against you, John Quintanilla and Marie Quintanilla. In the event of continued nonpayment of rents which are due, ANG Rental will file a suit for the recovery of that rent and such other charges as may be permitted under the terms of the lease or the law of the State of Texas.

The Quintanillas did not vacate. On September 6, 2019, ANG filed a forcible detainer (eviction) action against the Quintanillas in Collin County Justice of the Peace Precinct No. 3-1. The Quintanillas answered and asserted a plea to the jurisdiction. On October 3, 2019, the justice court entered a judgment for ANG.[2] On October 8, 2019, the Quintanillas de novo appealed the justice court's judgment to the Collin County Court (trial court). On December 12, 2019, the trial court held a bench trial on this matter.[3] Austin Good testified as ANG's manager, and John Quintanilla testified.[4] The trial court entered judgment for ANG, awarding ANG

---

[2] The justice court ordered ANG the right to possession of the premises and to recover (i) back rent in the amount of $6,000 and court costs of $196.

[3] The record shows no request for a hearing on the Quintanillas' plea to the jurisdiction.

[4] No one else testified at trial.

possession of the property, a money judgment in the amount of $12,000, and attorney's fees in the amount of $3,682. Although the parties filed proposed findings of fact and conclusions of law, the trial court entered no findings of fact or conclusions of law. This appeal followed.

## II. ISSUES RAISED

The Quintanillas raise two issues, which we reproduce verbatim:

1. Whether Appellants' plea to the jurisdiction should be granted, vacating the trial court's judgment for forcible detainer on grounds that the justice court and the trial court serving as an appellate court was deprived of subject-matter jurisdiction, when Appellants were in possession of the subject property for 18 years, the Appellants deeded their interest in the property to their good friend who gave Appellants a deed of trust, and then subsequently sold the property Appellants claimed to own, without Appellants' prior knowledge of the sale, to an investor who then attempted to file a forcible detainer action against Appellants for breach of a written lease that was not admitted into evidence while at the same time Appellants had a pending district court case filed against their good friend, as well as the Appellee, to set aside the deed between Appellants and the friend on the grounds of fraud and violations of the Texas Deceptive Trade Practices Act.

2. Whether the three day notice to vacate provided to Appellants was sufficient notice under the Texas Property Code when the purported lease signed by Appellants was not admitted into evidence, there was no testimony as to the type of tenancy claimed by Appellee, and Appellee provided no evidence that the underlying purported lease was properly assigned to Appellee by LLC owned by Appellants' good friend.

Although not briefed separately, the Quintanillas further raise an issue regarding the trial court's award to ANG of its attorney's fees.

–4–

## III. STANDARDS OF REVIEW

### A. Plea to the Jurisdiction

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject-matter jurisdiction is never presumed and cannot be waived. *Id*. at 443–44. A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action based on lack of subject-matter jurisdiction without regard to the merits of the claim. *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855–56 (Tex. App.—Dallas 2008, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). A trial court's ruling on a plea challenging subject matter jurisdiction is a question of law and, consequently, reviewed de novo. *City of Dallas v. Redbird Dev. Corp.*, 143 S.W.3d 375, 380 (Tex. App.—Dallas 2004, no pet.) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)).

### B. Findings of Fact

A party appealing from a nonjury trial in which the trial court made findings of fact should direct its attack on the sufficiency of the evidence to specific findings of fact, rather than to the judgment generally. *See Thompson & Knight L.L.P. v. Patriot Expl. L.L.C.*, 444 S.W.3d 157, 162 (Tex. App.–Dallas 2014, no pet.).[5] When, the trial court fails to file findings in response to a proper and timely request, the

---

[5] "Texas Rule of Appellate Procedure 33.1(d) provides that '[i]n a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence ... may be made for the first time on appeal in the complaining party's brief.'" *Office of Atty. Gen. of Tex. v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012).

court of appeals must presume the trial court made all the findings necessary to support the judgment. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)). When, as here, a reporter's record is filed, the implied findings are not conclusive, and an appellant may challenge them for both legal and factual sufficiency. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017).

Here, the Quintanillas' briefing does not specify whether they challenge the legal sufficiency or the factual sufficiency of the evidence. When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which the party had the burden of proof, it must show that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding —crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

"When an appellant challenges the factual sufficiency of the evidence on an issue, we consider all the evidence supporting and contradicting the finding." *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.) (citing

–6–

*Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989)). "We set aside the finding for factual insufficiency only if the finding is so contrary to the evidence as to be clearly wrong and manifestly unjust." *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam)). In a bench trial, the trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Id.* As long as the evidence falls 'within the zone of reasonable disagreement,' we will not substitute our judgment for that of the fact-finder. *Id.* (quoting *City of Keller*, 168 S.W.3d at 822). In conducting a factual sufficiency review, we should detail the evidence relevant to the issue in consideration and clearly state why the finding is factually insufficient or is so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019).

### C. Attorney's Fees

We review an award of attorney's fees under the statute for an abuse of discretion. *In re C.R.G.*, No. 05-10-01472-CV, 2012 WL 3133785, at *5 (Tex. App.—Dallas Aug. 2, 2012, no pet.) (mem. op.). When an abuse of discretion standard of review applies, findings and conclusions are not required. *Hous. Auth. of City of El Paso v. Beltran Elec. Contractors, Inc.*, 550 S.W.3d 707, 711 (Tex. App.—El Paso 2018, pet. denied) (collecting cases); *see also Keever v. Finlan*, 988 S.W.2d 300, 306 (Tex. App.—Dallas 1999, pet. dism'd) ("Under a discretionary

statute, findings of fact and conclusions of law are neither appropriate nor required.").

## IV. FORCIBLE DETAINER

A forcible detainer action is a special proceeding created to provide a speedy, simple, and inexpensive means for resolving the question of the right to immediate possession of real property. *Martin v. Fed. Nat'l Mortgage Ass'n*, No. 05-15-00210-CV, 2016 WL 3568040, at *2 (Tex. App.—Dallas June 30, 2016, pet. dism'd w.o.j.) (mem. op.); *In re Am. Homes for Rent Properties Eight, LLC*, No. 05–16–00087–CV, 2016 WL 3006782, at *2 (Tex. App.—Dallas May 25, 2016, orig. proceeding) (mem. op.); *see also Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). In a forcible detainer action, "[t]he court must adjudicate the right to actual possession and not title." TEX. R. CIV. P. 510(e). The elements of a landlord's cause of action for forcible detainer are: (1) a landlord–tenant relationship exists between the parties; (2) the tenant can be evicted because he is a holdover tenant, a tenant at will, tenant at sufferance, or the tenant of a person who acquired possession by forcible entry; (3) the landlord made a proper demand for possession; (4) the period of time to vacate the property has expired; and (5) the tenant has refused to surrender possession of the property to the landlord. *Shields v. Shields*, No. 05-19-01427-CV, 2021 WL 2282002, at *3 (Tex. App.—Dallas June 4, 2021, no pet. h.); *see* TEX. PROP. CODE ANN. § 24.002; TEX. R. CIV. P. 510. Thus, for ANG to prevail on its forcible detainer claim, it was not required to prove title but only to present sufficient

evidence of ownership to demonstrate a superior right to immediate possession. *Martin*, 2016 WL 3568040, at *2.

## V. DISCUSSION

**Issue One: Whether Appellants' Plea to The Jurisdiction Should Have Been Granted**

Here, the trial court impliedly denied the Quintanillas' plea to the jurisdiction.

In *Martin*, we addressed jurisdictional issues surrounding forcible detainer actions.

> A justice court or county court at law is not deprived of jurisdiction in a forcible detainer lawsuit merely because of the existence of a title dispute. The trial court is only deprived of jurisdiction in a forcible detainer lawsuit if the determination of the right to immediate possession necessarily requires the resolution of a title dispute. If an independent basis exists on which to award immediate possession that would not require resolution of a title dispute, a justice court, and therefore the trial court, has jurisdiction to do so.

*Martin*, 2016 WL 3568040, at *3 (internal citations omitted).[6] The Quintanillas assert the question of title and the possession of property are so integrally linked that the right to possession cannot be determined without resolution of the title dispute on the Property. *See id*. We disagree.

Here, the undisputed evidence shows the Quintanillas transferred their interest in the Property to Walton. After Walton "needed an agreement" due to his "refinancing a lot of things," the Quintanillas signed a lease with Standard Payment Systems LLC—becoming tenants on the Property. The record shows Mr. Quintanilla

---

[6] "[W]here the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so." *Rice*, 51 S.W.3d at 709.

–9–

did not read the written lease agreement before signing it, but Mr. Quintanilla knew he was required to pay rent in the amount of $3,000 each month beginning May 2019 to Standard Payment Systems, LLC.[7] Walton sold the Property to ANG by a grant of a warranty deed with vendor's lien on August 12, 2019. The warranty deed provides:

> Grantor, for the Consideration and subject to the Reservations from Conveyance[8] and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever.

(footnote added).

Citing *Dass, Inc., v. Smith*, the Quintanillas argue a "question regarding the legitimacy" of the transfer of title. 206 S.W.3d 197, 201 (Tex. App.—Dallas 2006, no pet) (concluding "the determination of the right to immediate possession of the property necessarily requires a resolution of the title dispute and jurisdiction properly lies with the district court" when there was conflicting evidence that an owner and a tenant of a property both owned, and therefore both had right to possess, a property). However, unlike *Dass*, the record shows, and the Quintanillas concede, that they conveyed their interest in the property to Scott Walton. There is furthermore no dispute that Walton sold the Property to ANG, conveying all of his

---

[7] Throughout the trial, Mr. Quintanilla referred to his lease payments generally, as payments to Walton.

[8] The warranty deed with vendor's lien contained no reservations from conveyance.

rights. There is no competent evidence in the record to suggest a question as to title. Thus, we must conclude this case involves no necessary resolution of a title dispute that would divest either the justice court or the county court from jurisdiction of this forcible detainer matter. For those reasons, we overrule the Quintanillas' first issue.

**Issue Two: Whether the three-day notice to vacate provided to Appellants was sufficient notice under the Texas Property Code**

The trial court impliedly found that ANG noticed the Quintanillas to vacate with a three-day notice. During trial, ANG's three-day notice to vacate was admitted into evidence without objection. Nevertheless, the Quintanillas assert that ANG was "unable to prove whether a three-day notice to vacate was sufficient" because the written lease between the Quintanillas and Standard Payment Systems, LLC was not admitted into evidence. The Quintanillas' briefing contains no according citation, and we have found no support, which requires the lease to be admitted into evidence.

Section 24.005 of the Texas Property Code provides:

> If the occupant is a tenant under a written lease or oral rental agreement, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.

PROP. § 24.005(a).[9] The record establishes the existence of a written lease between the Quintanillas and Standard Payment Systems LLC.[10] The record shows the Quintanillas defaulted on the lease by failing to pay rent as required. The record contains a letter dated August 23, 2019, which referenced the written lease and notified the Quintanillas that ANG had succeeded Standard Payments Systems LLC as the new "owner/landlord" of the Property. The record shows ANG sent the Quintanillas a three-day notice to vacate on August 29, 2019. This three-day notice: (i) was mailed by both certified mail, return receipt requested, and first class mail; (ii) was addressed to the Quintanillas at the Property; (iii) stated "Three Day Notice to Vacate for Nonpayment of Rent;" (iv) referred to the lease executed in May 2019, the monthly rent in $3,000, and the Quintanillas' overdue rent; (v) demanded the Quintanillas vacate the Property within three days from the date of delivery of the notice; and (vi) stated ANG would file a forcible detainer suit against the Quintanillas if they failed to vacate. There is no dispute that this written notice was delivered to the Quintanillas. *See* PROP. §§ 24.002(b), 24.005. ANG filed their forcible detainer suit in the justice court on September 6, 2019—eight days later. *See* PROP. § 24.005(a). The record shows the Quintanillas did not vacate the Property.

---

[9] There is no evidence that the parties contracted for a shorter or longer notice to vacate period.

[10] During trial, ANG attempted to admit a written lease. The Quintanillas objected and took Mr. Quintanilla on voir dire. During the voir dire examination, Mr. Quintanilla acknowledged the signatures on the last page of ANG's purported written lease were of him and his wife. Mr. Quintanilla knew what Standard Payment Systems, LLC was. However, when Mr. Quintanilla was asked whether he was "able to definitively state today in Court that this is whatever agreement that you signed and gave to Mr. Walton," his response was "No . . . because the first time I read through this thing was when ANG emailed it to me."

Indeed, they possessed the Property from ANG's notice to the trial court's bench trial on December 12, 2019. In viewing the evidence in the light most favorable to the challenged finding, we conclude that more than a scintilla of evidence existed to support the trial court's implied finding that ANG provided a sufficient three-day notice to vacate. In viewing the entire record supporting and contradicting the finding of the trial court, we cannot conclude its finding was so contrary to the evidence as to be clearly wrong and manifestly unjust. *Fulgham*, 349 S.W.3d at 157; *see Windrum*, 581 S.W.3d at 781. Accordingly, we conclude the evidence in the record was both legally and factually sufficient to support the trial court's implied finding that ANG provided the Quintanillas with a three-day notice to vacate the premises. We overrule the Quintanillas' second issue.

**Issue Three: ANG's Award of Attorney's Fees**

Though not raised as a separate issue, the Quintanillas assert that ANG was barred from recovering its attorney's fees based on Texas Property Code 24.006. *See* Prop. 24.006 (providing written demand requirements for a landlord to be eligible to recover attorney's fees in an eviction suit, including a requirement to state "that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees.").[11]

---

[11] Texas Property Code 24.006 provides for attorney's fees and costs of suit as follows:

The record shows ANG pled for an award of its attorney's fees in their "Complaint for Forcible Detainer."[12] The Quintanillas raised no objection at any time—in pleading, in a motion, or during trial—to ANG's request for attorney's fees. The Quintanillas did not object to ANG's evidence of its attorney's fees. Generally, the failure to raise an issue in the trial court waives complaint on appeal. *See* TEX. R. APP. P. 33.1. As the Quintanillas raised no objection to the request for, or the evidence of, ANG's attorney's fees, they failed to preserve those issues. *See id.* However, in a non-jury case, as here, an appellant may raise a no-evidence point for the first time on appeal. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 756 (Tex. App.—Dallas 1993, no writ); *see also* TEX. R. CIV. P. 324. The Quintanillas' briefing raises the issue that ANG was barred from recovering attorney's fees in a no-evidence, legal sufficiency context.

On this record, there is no evidence that ANG provided an eleven-day notice to the Quintanillas to vacate the premises. *See* PROP. § 24.006(a). Although a written

---

(a) Except as provided by Subsection (b), to be eligible to recover attorney's fees in an eviction suit, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. The demand must state that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed.

(b) If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord to recover attorney's fees, a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant.

PROP. § 24.006(a)–(b).

[12] ANG pled no independent breach of contract cause of action.

–14–

lease agreement existed, the lease agreement was excluded from evidence because of the Quintanillas' objection, and ANG made no according offer of proof or bill of exception.[13] Thus, there is no evidence of a written lease that entitles ANG to recover attorney's fees. *See* PROP. 24.006(b). ANG failed to produce evidence that would entitle them to recovery of attorney's fees. Accordingly, the trial court abused its discretion in awarding ANG attorney's fees. We sustain the Quintanillas' third issue, regarding ANG's award of attorney's fees.

## V.    CONCLUSION

Having overruled the Quintanillas' first two issues but sustained their third issue, we modify the judgment to delete the trial court's order that "ANG RENTAL HOLDINGS, SERIES, LLC-SERIES REDEEMER, A TEXAS SERIES OF ANG RENTAL HOLDINGS SERIES, LLC shall receive judgment for . . . reasonable attorney's fees in the amount of $3,682.00." As modified, we affirm the judgment of the trial court.

200062f.p05

/Bill Pedersen, III//
_____
BILL PEDERSEN, III
JUSTICE

---

[13] *See* TEX. R. EVID. 103(a)(2); *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.) ("To challenge exclusion of evidence by the trial court on appeal, the complaining party must present the excluded evidence to the trial court by offer of proof or bill of exception."). ANG raised no cross-point as to the admissibility of the written lease agreement.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN QUINTANILLA, MARIE QUINTANILLA, AND ALL OTHER OCCUPANTS, Appellant

No. 05-20-00062-CV      V.

ANG RENTAL HOLDINGS SERIES, LLC-SERIES REDEEMER, A TEXAS SERIES OF ANG RENTAL HOLDINGS SERIES, LLC, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas Trial Court Cause No. 004-03480-2019.
Opinion delivered by Justice Pedersen, III. Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: the trial court's order that "ANG RENTAL HOLDINGS, SERIES, LLC-SERIES REDEEMER, A TEXAS SERIES OF ANG RENTAL HOLDINGS SERIES, LLC shall receive judgment for . . . reasonable attorney's fees in the amount of $3,682.00" is **DELETED**.

As modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ANG RENTAL HOLDINGS SERIES, LLC-SERIES REDEEMER, A TEXAS SERIES OF ANG RENTAL HOLDINGS SERIES, LLC recover its costs of this appeal from appellants John Quintanilla, Marie Quintanilla, and All Other Occupants.


Judgment entered this 16th day of August, 2021.