**Affirmed and Opinion Filed July 28, 2022.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01118-CV**

**BRIGETTA D'OLIVIO, Appellant**
**V.**
**HILARY THOMPSON HUTSON, Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-02704-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Partida-Kipness

In this forcible entry and detainer case, pro se appellant Brigetta D'Olivio appeals the county court at law's judgment awarding possession of property to appellee Hilary Thompson Hutson. In five issues, D'Olivio seeks reversal of the judgment. Finding no error, we affirm the judgment.

## BACKGROUND

In 2019, Hutson sued D'Olivio in district court for trespass to try title to a home in Plano, which forms the basis for this eviction suit. D'Olivio had asserted ownership of the home through a purported marriage to Richard W. Thompson, Jr., Hutson's elderly father, and a will Thompson allegedly executed two weeks later,

the day before he died, giving her all his property. On August 11, 2020, the district court rendered a final summary judgment declaring Hutson had superior title to the home because the house passed automatically to Hutson through a joint tenancy with right of survivorship. D'Olivio later appealed to this court, and we affirmed the judgment. *See D'Olivio v. Hutson*, No. 05-20-00969-CV, 2022 WL 2800836, at *6 (Tex. App.—Dallas July 18, 2022, no pet. h.) (mem. op.). On August 12, 2020, Hutson sent D'Olivio notice to vacate the home within three days. It is undisputed that D'Olivio did not vacate.

On August 17, 2020, Hutson filed suit in justice court to evict D'Olivio from the home. As evidence in support, Hutson offered the presuit notice to vacate previously sent to D'Olivio, an affidavit confirming D'Olivio's lack of military status, and a deed showing the property had been transferred to Hutson and Thompson as joint tenants with a right of survivorship. Hutson also offered a copy of the August 11, 2020 district court judgment stating she had superior title to the home. After hearing the evidence, the justice court rendered a judgment of possession in Hutson's favor on November 11, 2020. D'Olivio appealed to the county court for a trial de novo.

During the December 2020 trial, Hutson did not introduce any new evidence to support her forcible entry and detainer claim. Instead, she relied on the evidence previously introduced in the justice court, along with the August 11, 2020 district court judgment that resolved title in her favor. Hutson asserted these documents

–2–

made a prima facie case for forcible entry and detainer. The county court agreed and rendered a judgment of possession for Hutson. D'Olivio appeals.

**STANDARD OF REVIEW**

In an appeal from a bench trial where neither party has requested findings of fact and conclusions of law, the trial court's implied findings are reviewable for legal and factual sufficiency of the evidence by the same standards as a jury verdict. *Great Am. Lloyds Ins. Co. v. Vines-Herrin Custom Homes, L.L.C.*, 596 S.W.3d 370, 374 (Tex. App.—Dallas 2020, pet. denied). Evidence is legally insufficient to support a jury finding when (1) the record bears no evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Shields LP v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). When determining whether legally sufficient evidence supports a finding, we consider evidence favorable to the finding if the factfinder could reasonably do so and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Id.* "The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the finding under review." *Guillory v. Dietrich*, 598 S.W.3d 284, 293 (Tex. App.—Dallas 2020, pet. denied).

In addition to her sufficiency challenge, D'Olivio also raises jurisdictional challenges. Whether a court has subject-matter jurisdiction is a question of law

subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "Exclusive jurisdiction is a question of law we review de novo." *Emps. Ret. Sys. of Tex. v. Duenez*, 288 S.W.3d 905, 909 (Tex. 2009).

**ANALYSIS**

D'Olivio brings five issues on appeal. Those issues center on D'Olivio's contentions the county court either lacked jurisdiction to determine possession rights or failed to conduct a trial de novo as required by statute. Despite their common themes, however, D'Olivio's arguments are distinct for each issue. We will address each in turn.

D'Olivio's first two issues address her belief she did not receive a trial de novo. First, D'Olivio argues the county court did not conduct a trial de novo as required because it decided the case based on the evidence that was before the justice court rather than receiving new evidence. Second, D'Olivio maintains the evidence was insufficient to support the judgment of possession.

Cases first heard in justice courts may be appealed to a statutory county court for a trial de novo. *In re A.L.M.-F.*, 593 S.W.3d 271, 279 (Tex. 2019). The county court's jurisdiction extends as far as the justice court's jurisdiction. *In re Catapult Realty Capital, L.L.C.*, Nos. 05-19-00109-CV, 05-19-01056-CV, 2020 WL 831611, at *7 (Tex. App.—Dallas Feb. 20, 2020, no pet.) (mem. op.) (combined appeal & orig. proceeding). When an appeal has been perfected in a forcible entry and detainer suit, the judge must immediately send the county court clerk a certified copy of all

docket entries, a certified copy of the bill of costs, and the original papers in the case. TEX. R. CIV. P. 510.10(a). In this appeal, the county court enjoyed the same jurisdiction as the justice court, and the evidence from the justice court was brought before the county court and can be found in the record on appeal. Moreover, the county court provided D'Olivio a full and complete de novo hearing during which the court permitted D'Olivio to make lengthy arguments and make her case. D'Olivio declined to introduce evidence and did not challenge the documents already before the court. We conclude the county court was within its rights to redetermine "all issues on which the judgment was founded" based on the evidence that appeared before it through a transfer of records from the justice court. *See A.L.M.-F.*, 593 S.W.3d at 278.

Further, the evidence was sufficient to support a judgment of possession. A forcible detainer action is a special proceeding created to provide a speedy, simple, and inexpensive means for resolving the question of right to immediate possession of real property. *In re Am. Homes for Rent Props. Eight, LLC*, 498 S.W.3d 153, 156 (Tex. App.—Dallas 2016, orig. proceeding) (mem. op. on reh'g). Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Rather, "[t]he sole focus of a forcible detainer action is the right to immediate possession of real property." *Shields*, 526 S.W.3d at 478. To establish a superior right to immediate possession,

Hutson had the burden to prove (1) she owned the property; (2) D'Olivio was a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession; (3) Hutson gave proper notice to D'Olivio to vacate the premises; and (4) D'Olivio refused to vacate.[1] *Id.*

Hutson's evidence demonstrated each of these elements. She established her ownership and D'Olivio's status (1) through a deed that created a joint tenancy with right of survivorship and automatically endowed Hutson with ownership of the house upon Thompson's death, *see Wagenschein v. Ehlinger*, 581 S.W.3d 851, 858 (Tex. App.—Corpus Christi–Edinburg 2019, pet. denied), and (2) through the final judgment based on that deed, in which the district court determined Hutson had superior title to the property. *See* TEX. PROP. CODE § 22.003 ("A final judgment that establishes title or right to possession in an action to recover real property is conclusive against the party from whom the property is recovered . . . ."); *Martin v. McDonnold*, 247 S.W.3d 224, 231 n.2 (Tex. App.—El Paso 2006, no pet.); *see also Fleming v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020).

Hutson also produced sufficient evidence of adequate notice through a certified letter from her attorney. In a suit involving a tenant by sufferance, section

---

[1] D'Olivio has not asserted that the Centers for Disease Control and Prevention's order concerning eviction should have any effect on this case, and the record bears no evidence that D'Olivio filed an affidavit that would have brought this case under the order. *See* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292-01 (Sept. 4, 2020); *Johnson-Williams v. Idlewilde Apartments*, No. 14-19-00977-CV, 2021 WL 98895, at *1 n.2 (Tex. App.—Houston [14th Dist.] Jan. 12, 2021, no pet.) (mem. op.).

24.005(b) requires the plaintiff to give the tenant written notice to vacate three days before the plaintiff files a forcible detainer suit unless the parties contracted for a different notice period. TEX. PROP. CODE. § 24.005(b); *Lua v. Capital Plus Fin., LLC*, No. 05-19-01227-CV, 2022 WL 1681702, at *2 (Tex. App.—Dallas May 26, 2022, no pet. h.); *Onabajo v. Household Fin. Corp. III*, No. 03-15-00251-CV, 2016 WL 3917140, at *4 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.). The demand for possession must be made in writing by a person entitled to possession of the property. *Lua*, 2022 WL 1681702, at *2. Here, the written demand for possession came from a person entitled to possession, the notice gave D'Olivio five days' notice to vacate, and it is undisputed D'Olivio did not vacate as instructed. We conclude the evidence was sufficient to support the judgment of possession in favor of Hutson. D'Olivio's first and second issues are overruled.

In her third issue, D'Olivio contends the county court was prohibited from deciding possession rights because the issues of title and possession were inextricably intertwined. More specifically, D'Olivio maintains the issue of title had to be resolved by the district court *before* the county court could adjudicate the right to possession. D'Olivio based this argument in part on her contention Hutson forged the deeds relied on by Hutson to establish her right to title of the property. We disagree for two reasons.

First, the district court resolved the issue of title before either the justice court or the district court determined possession rights. Any allegation concerning the

timing of the proceedings is without merit. *See Brooks v. Wells Fargo Bank, N.A.*, No. 05-16-00616-CV, 2017 WL 3887296, at \*8 (Tex. App.—Dallas Sept. 6, 2017, no pet.) (mem. op.) ("[B]y the time of trial on May 12, 2016, the issue of title to the Property had been resolved by the district court, and the county court's adjudication of Wells Fargo's right to immediate possession of the Property, therefore, was not intertwined with a determination of title to the Property."). Second, the county court lacked jurisdiction to address or consider D'Olivio's allegations of forgery and fraud because those issues were irrelevant to the question of possession rights. *See* TEX. R. CIV. P. 510.3 ("The court must adjudicate the right to actual possession and not title."); *Clarkson v. Deutsche Bank Nat'l Trust Co.,* 331 S.W.3d 837, 839 (Tex. App.—Amarillo 2011, no pet.) ("In fact, whether or not a sale pursuant to a deed of trust is invalid may not be determined in a forcible detainer action."); *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) ("[T]he only issue in a forcible detainer action is which party has the right to immediate possession of the property."). We overrule D'Olivio's third issue.

In her fourth issue, D'Olivio argues the county court erred in rendering judgment because the probate court that heard a dispute over Thompson's will had exclusive jurisdiction. She relies on section 32.005 of the Texas Estates Code, which, when it applies, provides probate courts with exclusive jurisdiction over probate proceedings and causes of action "related to the probate proceeding" unless jurisdiction is made concurrent by the statute. TEX. ESTATES CODE § 32.005(a).

D'Olivio argues that because Hutson's claims were not listed among the types of claims for which there is concurrent jurisdiction under section 32.007, the probate court's jurisdiction over the case is exclusive rather than concurrent. *See id.* § 32.007.

We rejected this argument in D'Olivio's appeal from the district court action:

> For section 32.005 to apply, the case must be either a probate proceeding or a case involving matters related to a probate proceeding. Matters related to a probate proceeding are defined to include "an action for trial of title to real property *that is estate property*," and "an action for trial of the right of property *that is estate property*." *Id.* § 31.002(c)(1). In this case, the sole issue was Hutson's superior title to the property, which she obtained before her father died. The evidence conclusively showed that Hutson and Thompson were joint tenants of the property based on the May 2018 deed. Thompson and his counsel ratified that deed and agreed Thompson had only a life estate in the property at issue. A life estate terminates upon the death of the life tenant and the life tenant has no power to devise the property that remains at his death. *In re Estate of Hernandez*, No. 05-16-01350-CV, 2018 WL 525762, at *6 (Tex. App.—Dallas Jan. 24, 2018, no pet.) (mem. op.). The property, therefore, passed outside of the estate and is not a part of, or related to, the probate proceeding. *See Wallace v. Wallace*, No. 05-17-00447-CV, 2017 WL 4479653, at *4 (Tex. App.—Dallas 2017, no pet.) (mem. op.) (probate court did not have exclusive jurisdiction where former wife was seeking to partition property as tenant in common and not as heir).

*D'Olivio*, 2022 WL 2800836, at *6. Our answer to D'Olivio's argument is the same in this appeal. We overrule her fourth issue.

In her fifth issue, D'Olivio argues the trial court erred in rendering judgment because the district court retained plenary power after its judgment. D'Olivio likens the district court's plenary power to exclusive jurisdiction, and she maintains the district court's plenary power should have prevented the county court from assuming jurisdiction over the case. D'Olivio provides no authority for the proposition that

–9–

one court's plenary power deprives all other courts of subject matter jurisdiction to consider related matters. Even liberally construing her brief in the interest of justice, we interpret her fifth issue as an assertion the district court had dominant jurisdiction, which should have precluded the county court from hearing a related suit. So construed, we disagree with this argument.

The general rule is the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts.[2] *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding). With some exceptions, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other cases should abate. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (combined appeal & orig. proceeding). "This first-filed rule flows from principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues." *J.B. Hunt*, 492 S.W.3d at 294 (internal quotation marks omitted); *see Perry*, 66 S.W.3d at 252. "The default rule thus tilts the playing field in favor of according dominant jurisdiction to the court in which suit is first filed." *J.B. Hunt*, 492 S.W.3d at 294.

---

[2] The term "dominant jurisdiction" is a misnomer because it is not a doctrine of jurisdiction but of venue. *In re Powell*, 644 S.W.3d 753, 759 n.1 (Tex. App.—Texarkana 2022, orig. proceeding) (citing, *inter alia*, *Phillips v. Phillips*, No. 14-19-00618-CV, 2021 WL 3879262, at *4 n.4 (Tex. App.—Houston [14th Dist.] Aug. 31, 2021, no pet.)).

The same is not true in a forcible-detainer suit where, as here, the issues of title and possession are not so intertwined that the right of possession cannot be determined. "[A] forcible-detainer suit in justice court may run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible-detainer suit." *In re Am. Nat'l Inv'rs, Corp.*, No. 05-17-00937-CV, 2017 WL 6503101, at *2 (Tex. App.—Dallas Dec. 19, 2017, orig. proceeding) (mem. op.) (quoting *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.— Houston [1st Dist.] 2007, no pet.) (op. on reh'g)); *see Cook v. Mufaddal Real Estate Fund*, No. 14-15-00651-CV, 2017 WL 1274118, at *4 (Tex. App.—Houston [14th Dist.] Apr. 4, 2017, no pet.) (mem. op.). Matters relating to possession may overlap in the two proceedings without affecting a county court's right to determine immediate possession. *Am. Nat'l Inv'rs*, 2017 WL 6503101, at *2. That is because resolving a forcible detainer action determines only the right to immediate possession, not the ultimate rights regarding title. *Id.* (quoting *Hong Kong Dev.*, 229 S.W.3d at 437); *accord Gober v. Bulkley Props., LLC*, No. 06-18-00031-CV, 2019 WL 321326, at *4 (Tex. App.—Texarkana Jan. 25, 2019, pet. denied) (mem. op.).

We have determined the suits in county court and district court were not so intertwined that the county court was required to abate this eviction suit. The suit in county court properly proceeded unhindered by any purported dominant jurisdiction

of the district court. *See Am. Nat'l Inv'rs*, 2017 WL 6503101, at *2. We overrule D'Olivio's fifth and final issue.

## CONCLUSION

D'Olivio has challenged the judgment on several grounds: the conduct of the trial de novo, sufficiency of the evidence, intertwinement of the proceedings, exclusive jurisdiction, and dominant jurisdiction. None of these arguments disturb the soundness of the judgment of possession. We overrule Appellant's issues and affirm the judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

201118F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRIGETTA D'OLIVIO, Appellant

No. 05-20-01118-CV          V.

HILARY THOMPSON HUTSON,
Appellee

On Appeal from the County Court at
Law No. 2, Collin County, Texas
Trial Court Cause No. 002-02704-
2020.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee HILARY THOMPSON HUTSON recover her costs of this appeal from appellant BRIGETTA D'OLIVIO.

Judgment entered this 28th day of July 2022.